UNITED STATES of America,
Plaintiff–Appellee,

v.

Roderick D. BAZEMORE,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Terry Allen HINES,
Defendant–Appellee,

Nos. 88–1404, 88–3219.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 1989.

Decided March 8, 1989.

Before GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.

## ORDER

On its own motion, the court consolidates these appeals which were summarily affirmed on January 9, 1989.

The Sentencing Reform Act of 1984, Pub. L. No. 98–473, tit. II, ch. II, 98 stat. 1987 (codified as amended at 18 U.S.C. §§ 3551–3742 and 28 U.S.C. §§ 991–998 (Supp.IV 1986), became effective on November 1, 1987. On August 23, 1988, this court held that the Sentencing Reform Act was unconstitutional. *Gubiensio–Ortiz v. Kanahele,* 857 F.2d 1245 (9th Cir.1988). On January 18, the United States Supreme Court upheld the Sentencing Reform Act as constitutional, thus necessitating reconsideration of these appeals. *See Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

On May 27, 1988, Terry Allen Hines pleaded guilty to one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113. After granting Hines's motion to declare the Sentencing Reform Act unconstitutional, the district court sentenced Hines to ten years imprisonment, pursuant to 18 U.S.C. § 4205(a), which had been repealed on November 1, 1987. The government filed a timely notice of appeal on August 8, 1988.

On January 9, 1989, this court granted Hines's motion for summary affirmance of the district court judgment, citing *Gubiensio–Ortiz,* 857 F.2d at 1245. The government now seeks reconsideration of the court's January 9, 1989 order, on the ground that the Supreme Court has declared the Sentencing Reform Act constitutional. *See Mistretta,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

On July 13, 1988, Roderick Bazemore pleaded guilty to two counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). At that time, the Sentencing Reform Act was in effect. On September 29, 1988, after this court declared the Act unconstitutional, the district court sentenced Bazemore to a 132–month prison term under the law in effect prior to the enactment of the Act.

After filing a timely notice of appeal from his sentence under prior law, Baze-more filed a motion for a stay pending the Supreme Court's decision in *Mistretta,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). On January 10, 1989, this court denied the motion and summarily affirmed the district court judgment. Bazemore now seeks reconsideration of the January 10 order.

In light of the Supreme Court decision in *Mistretta,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) upholding the constitutionality of the Sentencing Reform Act, we grant the motions for reconsideration, reinstate these appeals, and summarily reverse and remand the cases for resentencing under the Sentencing Reform Act of 1984. *Id.*