UNITED STATES of America,
Plaintiff–Appellant,

v.

Kevin P. KANE, Defendant–Appellee.

No. 88–1402.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 1989.
Decided May 25, 1989.

Daniel Bent, U.S. Atty., Mark J. Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellant.

Michael R. Levine, Federal Public Defender, Thomas W. Murphy, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellee.

Before HUG, SCHROEDER and CANBY, Circuit Judges.

HUG, Circuit Judge:

In this appeal, the government seeks a reversal of defendant Kevin P. Kane's sentence and a remand for resentencing within the guidelines promulgated by the United States Sentencing Commission under 28 U.S.C. § 994(a)(1) (Supp.V 1987) (the "guidelines"). Kane pleaded guilty to three counts of residential burglary within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 13 (1982) and Haw.Rev.Stat. § 708–810 (1985). His plea agreement recited that the guidelines would apply at sentencing. The guideline range applicable to Kane's offense was 36 to 42 months of imprisonment followed by five or fewer years of supervised release. Before Kane's sentencing, however, this court held the guidelines and the Sentencing Reform Act of 1984 unconstitutional. *Gubiensio-Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir. 1988). The district court therefore sentenced Kane to 18 months of imprisonment and five years of probation pursuant to pre-guideline sentencing standards. The government appealed. Thereafter the Supreme Court upheld the constitutionality of the Sentencing Reform Act and the guidelines on January 18, 1989. *Mistretta v. United States*, — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Kane raises three arguments on appeal.

## I.

### Jurisdiction

Kane first contends that the government may not appeal his sentence. The Supreme Court has long held the view that the government has no right to appeal in a criminal case without explicit statutory authorization. *United States v. Scott*, 437 U.S. 82, 84–85, 98 S.Ct. 2187, 2190–91, 57 L.Ed.2d 65 (1978). The Sentencing Reform Act provides such authorization for government appeals seeking review of an illegally imposed sentence, an incorrect application of the guidelines, or a sentence beyond the lower end of the appropriate guideline range. 18 U.S.C. § 3742(b) (Supp.V 1987). Kane argues the government has no statutory authorization to appeal under section 3742(b) because the district court's sentencing order issued after this circuit held the Sentencing Reform Act unconstitutional in *Gubiensio-Ortiz.*

Kane's jurisdictional argument fails because it rests on the faulty premise that *Mistretta*, which overruled *Gubiensio-Ortiz*, does not apply retroactively. Although not constitutionally required, retroactive

application of judicial decisions is the rule not the exception. *United States v. Givens*, 767 F.2d 574, 578 (9th Cir.), *cert. denied*, 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed. 2d 304 (1985). Three considerations highlight the determination of whether retroactive application should be excused: "(1) whether the decision establishes a new principle of law, (2) whether retroactive application will further or retard the purposes of the rule in question, and (3) whether applying the new decision will produce substantially inequitable results." *Barina v. Gulf Trading and Transp. Co.*, 726 F.2d 560, 563 (9th Cir.1984). Each of these factors weighs in favor of applying *Mistretta* retroactively.

Although *Mistretta* overruled *Gubiensio-Ortiz* and established the guidelines as the law of this circuit, *Mistretta*'s holding lacks the usual earmarks that accompany a new rule of law. When *Gubiensio-Ortiz* was decided, the guidelines were part of a properly enacted statutory sentencing scheme of which all defendants in this circuit had notice. Those defendants were also on notice that the Supreme Court had already granted certiorari in *Mistretta* and might overrule the holding of *Gubiensio-Ortiz*. *United States v. Mistretta*, ― U.S. ――, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988). Thus, we cannot characterize *Mistretta* as having fashioned a new rule of law. Moreover, retroactively applying *Mistretta* will further the goal of the Sentencing Reform Act to standardize sentencing in federal courts. Such application will not produce substantially inequitable results in light of the notice effected by the certification of *Mistretta* before the decision in *Gubiensio-Ortiz*. The absence of inequity is especially stark in the present case because of Kane's acknowledgment in the plea agreement that the guidelines would apply. Finally, we note that recent authority in this circuit has already applied *Mistretta* retroactively and implicitly recognized that the Sentencing Reform Act authorizes government appeals from sentences imposed while *Gubiensio-Ortiz* was the law of this circuit. *E.g., United States v. Bazemore*, 869 F.2d 520 (9th Cir.1989). We therefore reject Kane's challenge to the government's right to appeal his sentence.

## II.

### Double Jeopardy

Kane next contends that remanding for potential sentence enhancement would violate the fifth amendment's proscription of twice placing a defendant in jeopardy for the same offense. Specifically, Kane argues that a sentence enhancement would subject him to multiple punishments for the same burglary conviction.

■ The double jeopardy clause prevents multiple trials on the same charge, *United States v. DiFrancesco*, 449 U.S. 117, 132, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980), and multiple punishments for the same offense. *United States v. Arrellano-Rios*, 799 F.2d 520, 524 (9th Cir.1986). But the considerations that bar retrial following acquittal do not prevent appellate review of a sentence. *United States v. Andersson*, 813 F.2d 1450, 1461 (9th Cir. 1987). Thus, sentencing may be altered as a result of appeal even if the sentence is enhanced and even though service of the sentence has already commenced. *United States v. Edmonson*, 792 F.2d 1492, 1496 (9th Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987); *accord, United States v. Hagler*, 709 F.2d 578, 579 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). Only after the defendant acquires a reasonable expectation of finality in the severity of a sentence does further enhancement constitute double jeopardy under the fifth amendment. *See Andersson*, 813 F.2d at 1461; *Arrellano-Rios*, 799 F.2d at 523; *Edmonson*, 792 F.2d at 1496 & n. 4.

■ Kane argues that he acquired a reasonable expectation of finality in his sentence before the Supreme Court decided *Mistretta* and that this expectation bars increasing his sentence under the guidelines. As support for this argument, Kane notes that under *Gubiensio-Ortiz* the guidelines were not the law of the Ninth Circuit until six months after he was sentenced. Furthermore, Kane posits that because of credit for three months of presentence jail time, he completed one-half of his 18-month sentence before *Mistretta* ren-

dered the guidelines binding in the Ninth Circuit. According to Kane, the service of half of his sentence, which was legal when imposed, established the legitimacy of his expectation in finality before *Mistretta* was decided.

Kane draws on *Arrellano–Rios* for support, where this court concluded the double jeopardy clause prohibited enhancement of a sentence legally imposed and completely served by the time of appeal. 799 F.2d at 524. In *Arrellano–Rios,* the defendant's conviction for one count was reversed and the government sought a remand to give the district court a chance to enhance the sentences the defendant had already completed on two other counts. *Id.* at 522–23. This court held that sentence enhancement was barred as double jeopardy because the defendant served the sentence on the first two counts without ever having reason to question that such service would be final. *Id.* at 523–24. Similarly, Kane argues that he completed half of his prison term without ever having reason to question that such service would complete one-half of his sentence.

▮ Of course, this case differs from *Arrellano–Rios* in that Kane has served only part of his sentence. But a more fundamental distinction arises in applying *Mistretta.* Under *Mistretta,* Kane's sentence, unlike the sentence in *Arrellano–Rios,* was illegally imposed because it was not calculated under the requirements of the Sentencing Reform Act. Generally, a defendant can acquire no expectation of finality in an illegal sentence, which remains subject to modification. *Edmonson,* 792 F.2d at 1496 n. 4; *see United States v. Connolly,* 618 F.2d 553, 555 n. 8 (9th Cir. 1980). If such illegality exists, a defendant is charged with knowledge that it can be corrected under Fed.R.Crim.P. 35. *United States v. Crawford,* 769 F.2d 253, 257 (5th Cir.1985), *cert. denied,* 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986).

In *Edmonson,* for instance, two district courts refused to convict separate defendants of the felony count charged in the indictment, choosing instead to convict and sentence for misdemeanor violations under an intervening amendment to the statute at issue. 792 F.2d at 1494–95. Although de-fendants had completely served their illegal sentences by the time of appeal, this court held that double jeopardy would not bar a correction of the sentences even if the punishment were enhanced. *Id.* at 1496. Under the reasoning of *Edmonson,* Kane could not have acquired an expectation of finality in the severity of his sentence when the legality of the Sentencing Reform Act had yet to be determined by the Supreme Court.

When Kane executed the plea agreement, the Supreme Court had already certified the question of the guideline's constitutionality. Moreover, the plea agreement recited Kane's understanding that the district court would apply the guidelines. When the district court refused such application because of *Gubiensio–Ortiz,* it was apparent that the Supreme Court might soon overrule the basis for the district court's refusal. Kane was also on notice that government appeals for misapplication of the guidelines were expressly authorized in the Sentencing Reform Act. 18 U.S.C. § 3742(b). The combined force of these circumstances precluded any reasonable expectation that Kane's sentence was immune to modification in the event the Supreme Court overruled *Gubiensio–Ortiz.* A remand for resentencing will not violate the double jeopardy clause.

### III.

#### *Harmless Error*

Kane's third argument suggests that remand for resentencing under the guidelines is unwarranted because any error was harmless. *See* Fed.R.Crim.P. 52(a). Specifically, Kane maintains that under the guidelines, the district court would impose a sentence similar to Kane's 18–month sentence because Kane's acceptance of responsibility for the crime, honorable service in the Navy, and good behavior during pretrial imprisonment are considerations the judge mentioned at the sentencing hearing and mitigating factors that justify departure from Kane's guideline range of 36 to 42 months.

The Sentencing Reform Act requires the imposition of a sentence within the applicable guideline range "unless the court finds

that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a [different sentence]." 18 U.S.C. § 3553(b) (Supp. V 1987). Even if Kane is correct that the factors expressed by the district court at sentencing could qualify as a basis for exceeding the lower end of Kane's guideline range, this is a matter that must be considered by the district court in applying the Sentencing Reform Act.

We therefore vacate the sentence imposed and remand for resentencing under the Sentencing Reform Act of 1984.

VACATED and REMANDED.