920 F.2d 937
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Manuel MIRANDA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenza Diaz dE ORTIZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio DIAZ, Defendant-Appellant.
 89-30002 to 89-30004.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 9, 1990.
Decided Dec. 17, 1990.
 Before FLETCHER, FARRIS and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Miranda, de Ortiz, and Diaz appeal their convictions for conspiracy to distribute cocaine and use of a telephone to facilitate the conspiracy. Diaz also appeals his conviction for aiding and abetting possession of cocaine with intent to distribute, and aiding and abetting interstate travel in aid of racketeering.
 
 
 3
 The defendants argue that the district court made various evidentiary errors. In addition, Miranda claims the court improperly refused his requested jury instructions. De Ortiz and Diaz claim they are entitled to be resentenced under the guidelines. We affirm the conviction, but remand de Ortiz's and Diaz's convictions for resentencing under the guidelines.
 
 1. Voice identification testimony
 
 4
 Miranda, Diaz, and de Ortiz contend that the court improperly admitted testimony identifying their voices in taped phone conversations because the agents who identified them had insufficient personal knowledge to support their opinions.
 
 
 5
 "Under Fed.R.Evid. 901(b)(5), voice identification to determine the admissibility of recorded conversations may be made by one who has heard the voice 'at any time under circumstances connecting it with the alleged speaker.' " United States v. Thomas, 586 F.2d 123, 133 (9th Cir.1978). "Lay opinion on this issue is permissible so long as the witness testifying has this requisite familiarity with the speaker." Id.
 
 
 6
 Miranda claims that the agent who identified his voice heard him utter only one sentence: "Who put the finger on me, Andres?" We need not resolve whether this was sufficient since the record reveals that the conversation was more lengthy than Miranda claims. He read his rights aloud from a card, filled out a personal history form with the agent's help, and explained to the agent where his gun and drugs were located in the house. The agent heard Miranda's voice "under circumstances connecting it with the alleged speaker." It was not error to admit the opinion.
 
 
 7
 De Ortiz and Diaz also claim that the agent who identified their voices lacked sufficient personal familiarity to support an opinion. The agent testified that he heard Diaz and de Ortiz speaking in court at their initial appearances and arraignments, and outside the courtroom during the trial. He had the requisite familiarity with the speaker. The court did not err in holding that the voice identification was admissible.
 
 2. Testimony as to Code Words
 
 8
 We reject Miranda's argument that the court improperly allowed U.S. Customs Agent O'Neill to testify regarding the meaning of code words in taped phone conversations. O'Neill testified for example that "I need to work" referred to selling drugs; "suits for the party," "little birds," "clothes," and "stuff" meant cocaine; and "suits" and "stuff" meant heroin.
 
 
 9
 Miranda claims that the statements explaining code words are inadmissible under United States v. Bailey, 607 F.2d 237, 240 (9th Cir.1979), cert. denied sub nom. Whitney v. United States, 445 U.S. 934 (1980). We disagree. The agent's explanation of the code words was admissible under Federal Rule of Evidence 702. The agent knew from experience that drug dealers use code words, and the investigation provided knowledge of what the code words meant.
 
 3. Excluded Testimony
 
 10
 Miranda argues that the court improperly excluded evidence that he was not the only person who went by the nickname "Mario." He was identified as "Mario" by Karen Lamont, who also testified that "Mario" sold her heroin on a regular basis. We agree that the evidence was admissible, and that the court erred in excluding it. However, the error was harmless. Given that Karen Lamont identified Miranda at trial, the error more probably than not did not materially affect the verdict. See United States v. Echavarria-Olarte, 904 F.2d 1391, 1398 (9th Cir.1990).
 
 
 11
 Miranda claims that the government failed to notify him about the suspects who identified themselves as Mario and Manuel until after the trial began, and that such failure constitutes a violation under Brady v. Maryland, 373 U.S. 83, 87 (1963). We reject the argument. The suppression of evidence favorable to the accused violates due process if it is material to guilt or punishment. Id. Such evidence is material and warrants a new trial if there is a reasonable probability that had it been disclosed, the result of the proceeding would have been different. United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989). Miranda was definitely identified in court as the Mario who sold heroin to Karen Lamont. The government's failure to notify him before trial of another Mario is therefore not material.
 
 
 12
 4. Evidence of heroin found in Ortiz's backyard
 
 
 13
 We reject de Ortiz's argument that since she was prosecuted for cocaine-related offenses, testimony that agents found heroin along with cocaine in her backyard was irrelevant. We also reject her argument that the testimony was character evidence of "prior bad acts," which is inadmissible under Federal Rule of Evidence 404(b).
 
 
 14
 In United States v. Bernal, 719 F.2d 1475, 1478 (9th Cir.1983), we held that evidence of drug distribution paraphernalia that contained marijuana residue was admissible in a prosecution for conspiracy to possess and distribute cocaine because it was offered "to prove that Bernal was a participant in a drug distribution conspiracy."
 
 
 15
 We are aware that the evidence in dispute in Bernal was a drug scales that could be used to weigh marijuana or cocaine, while the evidence at issue in this case is rubber balloons containing heroin. Notwithstanding the factual difference, the reasoning of Bernal applies. In de Ortiz's opening statement, counsel implied that de Ortiz was ignorant about drug activity in general and unaware of drug activity in her home. Evidence that heroin was found in her backyard rebutted those arguments.
 
 5. Requested Jury instruction
 
 16
 The court acted within its discretion in refusing to give Miranda's requested jury instruction. A trial judge has substantial latitude in tailoring instructions so long as they fairly and adequately cover the issues presented, United States v. Kennedy, 564 F.2d 1329, 1338 (9th Cir.1977), cert. denied sub nom. Myers v. United States, 435 U.S. 944 (1978). We review the trial judge's refusal to give a particular instruction in terms of the adequacy of the entire charge. United States v. Hayes, 794 F.2d 1348, 1351 (9th Cir.1986). The district court need not give an instruction in the precise language proposed by the defendant. Id.
 
 
 17
 Miranda's theory at trial was that he was a cocaine user, but not a dealer of cocaine or heroin. He requested an instruction that guilt may not be inferred from the defendant's mere presence at the scene of a crime or proximity to contraband. The court refused the instruction, but included the following statement in its instruction on aiding and abetting:
 
 
 18
 It is not enough that the defendant simply associated with others, was present at the scene of the crime, or even did things that were helpful to them. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping others violate the law.
 
 
 19
 This language expresses the charge Miranda sought. There was no error in denying his requested instruction.
 
 6. Resentencing under the guidelines
 
 20
 De Ortiz and Diaz argue that they should be resentenced under the guidelines. We agree. They were convicted of offenses committed after the Guidelines went into effect, but were sentenced after the guidelines were declared unconstitutional in the ninth circuit by Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988), vacated, United States v. Chavez-Sanchez, 488 U.S. 1036 (1989). The Supreme Court overruled Gubiensio in Mistretta v. United States, 488 U.S. 361 (1989), and held the guidelines constitutional. We apply Mistretta retroactively, United States v. Boise, No. 89-30071, slip op. at 12174 (9th Cir. Aug. 29, 1990, amended Sep. 27, 1990); United States v. Kane, 876 F.2d 734, 736 (9th Cir.), cert. denied, 110 S.Ct. 173 (1989). De Ortiz and Diaz must be resentenced under the guidelines. We therefore remand.
 
 
 21
 AFFIRMED IN PART; REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3