UNITED STATES of America,
Plaintiff–Appellant,

v.

Christian Rosha HOSOI,
Defendant–Appellee.

No. 01–10604.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Filed Nov. 22, 2002.

Chris A. Thomas, Assistant United States Attorney, Honolulu, HI, for the plaintiff-appellant.

Myles S. Breiner, Honolulu, HI, for the defendant-appellee.

Before SCHROEDER, Chief Judge, ALARCÓN and FISHER, Circuit Judges.

## OPINION

PER CURIAM.

The United States of America ("the Government") appeals from the district court's

sentencing decision in this matter. The sentence was orally pronounced on September 10, 2001, and entered on September 24, 2001. The Government contends that the district court erred in sentencing Christian Rosha Hosoi ("Hosoi") to a term less than the mandatory minimum required by 21 U.S.C. § 841(b)(1)(A). We vacate Hosoi's sentence because we conclude that it was imposed in violation of § 841(b)(1)(A).

## I

On March 20, 2000, Hosoi entered a guilty plea to possessing in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). Hosoi was orally sentenced on September 10, 2001. Previously, on August 9, 2001, a three-judge panel of this court issued its opinion in *United States v. Buckland*, 259 F.3d 1157 (9th Cir.2001) ("*Buckland I*"), holding that the mandatory minimum term of imprisonment set forth in 21 U.S.C. § 841(b)(1)(A) was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The transcript of Hosoi's sentencing hearing reveals the district court relied on *Buckland I* in deviating from the mandatory minimum sentence. The district court ordered that Hosoi serve seventy months in prison. The mandatory minimum sentence for the offense charged in the indictment was ten years pursuant to 21 U.S.C. § 841(b)(1)(A).

The district court orally pronounced Hosoi's seventy-month sentence on September 10, 2001. On September 14, 2001, this court ordered that *Buckland I* be reheard en banc and that the decision "shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court." *United States v. Buckland*, 265 F.3d 1085 (9th Cir.2001). Subsequent-

ly, on September 16, 2001, the Government filed a motion to correct the sentence pursuant to Fed.R.Crim.P. 35(c). The Government argued that *Buckland I* was no longer the law of the circuit because it was to be reheard en banc and could not be cited as precedent. The district court did not rule on the Government's Rule 35(c) motion. Instead, it entered its final sentence on September 24, 2001, consistent with its earlier oral pronouncement. Thereafter, the Government timely filed its notice of appeal on September 26, 2001. On January 18, 2002, this court upheld the constitutionality of 21 U.S.C. § 841(b)(1)(A) in its en banc decision in *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) ("*Buckland II* ").

## II

The Government argues that this court has jurisdiction over its appeal under 18 U.S.C. § 3742(b)(1) because Hosoi's sentence was "imposed in violation of law." The Government contends, and we agree, that *Buckland II* applies retroactively, converting an otherwise valid sentence into one imposed in violation of law. Our conclusion on the merits both confirms our jurisdiction and mandates that we vacate Hosoi's sentence and remand to the district court for resentencing in conformity with *Buckland II*.

■ This court "always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, ——, 122 S.Ct. 2450, 2454, 153 L.Ed.2d 586 (2002). This is so even where, as here, we must reach the merits in order to determine whether we indeed have jurisdiction. *Id.* The jurisdictional statute at issue in this case, 18 U.S.C. § 3742(b)(1), authorizes an appeal from a sentence that "was imposed in violation of law." We cannot determine whether Hosoi's sentence falls within this ground of appeal without reaching the

merits of the Government's claim that the sentence violated 21 U.S.C. § 841.

 The Government argues that our decision in *Buckland II* upholding the constitutionality of § 841 applies retroactively to Hosoi. "[R]etroactive application of judicial decisions is the rule not the exception." *United States v. Kane*, 876 F.2d 734, 735–36 (9th Cir.1989). We consider three factors when deciding whether application of this rule should be excused: " '(1) whether the decision establishes a new principle of law, (2) whether retroactive application will further or retard the purposes of the rule in question, and (3) whether applying the new decision will produce substantially inequitable results.' " *Id.* at 736 (quoting *Barina v. Gulf Trading and Transp. Co.*, 726 F.2d 560, 563 (9th Cir.1984)).

 All three factors weigh against excusing Hosoi from the retroactive application of *Buckland II*. First, *Buckland II's* holding "lacks the usual earmarks that accompany a new rule of law." When *Buckland I* was decided, § 841 was "part of the properly enacted statutory sentencing scheme of which all defendants in this circuit had notice." *Kane*, 876 F.2d at 736. By upholding the constitutionality of § 841, *Buckland II* returned the law of this circuit to the pre-*Buckland I* status quo. Second, retroactive application of *Buckland II* will further the goal of "ramp[ing] up the punishment for controlled substance offenders based on the type and amount of illegal substance involved in the crime." *Buckland II*, 289 F.3d at 568. Third, retroactive application will not produce substantially inequitable results. Hosoi acknowledged in the plea agreement that the § 841 mandatory minimum would apply to his sentence. In addition, he was put on notice during the September 10, 2001 sentencing hearing that this court was considering an en banc

rehearing of *Buckland I*, that *Buckland I* would be vacated if an en banc rehearing were granted, and that a sentence below the mandatory minimum might be reversed if the en banc court upheld the constitutionality of § 841. For the foregoing reasons, no departure is warranted from the general rule that judicial decisions apply retroactively.

The Government also argues that Hosoi's written sentence was imposed in violation of law because it was entered after *Buckland I* had already been vacated by this court. We need not address this argument given our conclusion that *Buckland II* applies retroactively to Hosoi's case.

VACATED and REMANDED.