UNITED STATES of America,
Plaintiff–Appellee,

v.

Delfino Lomeli GONZALEZ,
Defendant–Appellant.

No. 03–30256.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 2004.

Filed April 22, 2004.

Laura Graser, Portland, OR, for appellant Delfino Lomeli Gonzalez.

Karin Immergut, J. Russell Ratto, U.S. Attorney's Office, Portland, OR, for appellee United States of America.

Before: GOODWIN, McKEOWN, and FISHER, Circuit Judges.

McKEOWN, Circuit Judge:

This appeal arises out of the district court's decision to sentence Delfino Lomeli Gonzalez to imprisonment rather than special probation, in the face of Gonzalez's claim that a non-probationary sentence would have a potential negative impact on his immigration status. The sole issue Gonzalez raises on appeal is whether the district court plainly erred by applying the "preponderance of the evidence" rather

than the "clear and convincing" standard when it denied his request for special probation under 18 U.S.C. § 3607. We have jurisdiction to consider whether the sentence "was imposed in violation of law," 18 U.S.C. § 3742(a), and we affirm because the district court employed the correct evidentiary standard.

## BACKGROUND

After Gonzalez's trial for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, a jury convicted him of the lesser included offense of possession of methamphetamine in violation of 21 U.S.C. § 844. The jury failed to reach a unanimous verdict on the charge of possession with intent to distribute.

It is undisputed that Gonzalez purchased at least fifty-two grams (over one-and-a-half ounces) of pure methamphetamine. What was disputed at trial, however, is whether Gonzalez purchased the methamphetamine for personal use or whether, as the government contends, he intended to sell it. On the issue of intent to sell, the government put on evidence that one ounce of methamphetamine was not a "personal-use" quantity and would likely be broken up and resold among personal-use buyers, who typically purchase an amount equal to one-sixteenth of an ounce. The government also presented evidence that, after his arrest, Gonzalez told a police officer that he had purchased the methamphetamine for $2500 and planned to sell it for $3000. The defense's theory was that the large quantity of drugs Gonzalez purchased was indicative of a drug habit, not intent to sell, and that the officer was mistaken as to Gonzalez's confession.

Gonzalez's conviction carried a maximum term of one-year imprisonment with a guideline range of one to seven months. He was eligible for a probation term of between eight months and five years pursuant to 18 U.S.C. § 3561 and U.S.S.G. § 5B1.1. The district court sentenced Gonzalez to seven months imprisonment with one year of supervised release. Thus, Gonzalez's sentence falls squarely within the guideline range.

Gonzalez, however, sought a special probationary sentence pursuant to the "First Offender Act," 18 U.S.C. § 3607, which provides that "the court may, with the consent of[the person found guilty of an offense described in 21 U.S.C. § 844], place him on probation for a term of not more than one year without entering a judgment of conviction." In declining to grant Gonzalez special probation, the district court reasoned:

> All of the circumstances of this case indicate that the defendant was in fact engaged in conduct serious and detrimental to community safety. It is the Court's belief that the proper exercise of discretion requires that the Court hold the defendant accountable.

> Discretionary probation is for the exceptional circumstance, when a person—a first-time offender has presented himself to the criminal justice system. The defendant is not that person. And in any event, his conduct here was far more than mere simple-possession-for-personal-use purpose.

> So the Court denies the Motion for … the diversionary treatment under the special probation statute.

Previous to this ruling, the district court made the following finding regarding Gonzalez's intent to sell:

> The Court also finds credible, under a preponderance standard, for purposes of determining relevant conduct here, that the defendant did in fact admit to Agent Valladolid, at the scene, that he possessed this methamphetamine with the

intent to distribute it for the reasons he indicated.

The Court does not find that the jury's inability to convict the defendant beyond a reasonable doubt as to that conduct precludes the Court, under a preponderance standard and an assessment of what is relevant conduct, from making its own determination. And so I so find.

Gonzalez challenges on due process grounds the district court's use of the "preponderance" rather than the "clear and convincing evidence" standard to evaluate evidence bearing on the special probation decision, contending that the court's refusal to grant special probation had a "disproportionate impact" on his sentence. Gonzalez, a legal resident alien who has lived in the United States for approximately twenty-four years, has four children, three of whom live in Mexico and another who resides with him and his wife. Gonzalez claims that the "special probation decision made the difference between the defendant probably being deported and probably not being deported," and that "[d]eportation in this context is a savage penalty" and "the functional equivalent of exile."

## DISCUSSION

■ The threshold issue is whether we have jurisdiction to review the district court's special probation decision. We view the district court's decision to deny Gonzalez special probation as a sentencing decision for the purpose of determining our jurisdiction. *See United States v. Corpuz*, 953 F.2d 526, 529 (9th Cir.1992) ("[P]robation is a sentence under the Sentencing Reform Act."), *overruled on other grounds by United States v. Granderson*, 511 U.S. 39, 54, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994). Accordingly, our jurisdiction over this sentencing decision is governed by 18 U.S.C. § 3742(a).

Section 3742(a) provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence ... was imposed in violation of law." Gonzalez argues that the district court used the incorrect evidentiary standard in making its special probation decision—a contention that, if true, amounts to a legal error. Consequently, we have jurisdiction under § 3742(a) to determine whether Gonzalez's sentence was, in fact, imposed "in violation of law."[1] *See United States v. Doe*, 351 F.3d 929, 932 (9th Cir.2003) (holding that jurisdiction was proper under § 3742(a)(1) to determine if sentence was imposed in violation of law).[2] We thus turn to the merits of Gonzalez's claim.

■ Gonzalez makes only one claim of legal error: that, in considering special

---

**1.** Like a decision not to depart downward, a district court's special probation decision is discretionary and—barring error as specified under § 3742(a)—is generally *not* reviewable on appeal. *See* 18 U.S.C. § 3607 (providing that the court *"may ...* place [a defendant] on probation," not that it *must*) (emphasis added); *see, e.g., United States v. Lowe*, 136 F.3d 1231, 1232 (9th Cir.1998) (holding that district court's discretionary decision whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) is not reviewable on appeal, but noting that a challenge to the district court's discretionary decision is distinguishable from a challenge based on legal error); *United States v. Morales*, 898 F.2d 99, 103 (9th Cir. 1990) (holding that the district court's discretionary decision not to depart downward is not appealable).

**2.** Whether we analyze the legal error as part and parcel of determining jurisdiction, *see United States v. Hosoi*, 314 F.3d 353, 354–55 (9th Cir.2002) (addressing the merits of the alleged legal error "in order to determine whether we indeed have jurisdiction"), or as a merits determination following acknowledgment of jurisdiction under § 3742(a)(1), the result is the same.

probation, the district court was required to use the "clear and convincing" rather than the "preponderance of the evidence" standard of proof in order to satisfy the demands of due process. Gonzalez's core argument is that the immigration consequences of his punishment made it "extremely disproportionate," requiring the district court to use the more stringent clear and convincing standard in evaluating evidence related to his intent to sell methamphetamine.

Gonzalez relies on *United States v. Jordan,* 256 F.3d 922, 929 (9th Cir.2001), where the district court imposed a nine-level enhancement, increasing Jordan's sentencing range from 70 to 87 months to 151 to 188 months. Although "due process is generally satisfied by using a preponderance of the evidence standard to prove sentencing factors," we have "held that when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence." *Id.* at 926, 927.

A preliminary issue is whether the *Jordan* analysis is relevant to the district court's decision to impose incarceration over special probation. To date, we have applied the disproportionate impact test only in the case of sentence enhancements. *See, e.g., United States v. Bonilla–Montenegro,* 331 F.3d 1047, 1050 (9th Cir.2003) (clear and convincing standard applies where 16–level enhancement increased defendant's sentencing range from 6 to 12 months to 63 to 78 months); *United States v. Mezas de Jesus,* 217 F.3d 638, 642–44 (9th Cir.2000) (clear and convincing standard applies where 9–level enhancement for uncharged conduct increased defendant's sentencing range from 21 to 27 months to 57 to 71 months); *Jordan,* 256 F.3d at 929 (clear and convincing standard applies where 9–level enhancement increased defendant's sentencing range from 70 to 87 months to 151 to 188 months). As Gonzalez candidly acknowledges, there is "no case that specifically identified deportation as a disproportionate effect in this specific context."

*Jordan's* disproportionality analysis arose in the context of a sentence enhancement. We know of no case where this principle has been applied to a discretionary decision to decline special probation and impose a sentence within the guideline range. Unlike Jordan, Gonzalez suffered no sentence enhancement. Under this circumstance, use of the preponderance of the evidence standard does not run afoul of due process.

In declining to extend *Jordan* to the context of a collateral immigration consequence such as potential deportation, we acknowledge that consideration of immigration status may be appropriate in some cases; however, it is not compelled. *See, e.g., United States v. Davoudi,* 172 F.3d 1130, 1133–34 (9th Cir.1999) (district court has "legal discretion to depart downward because deportable aliens may be unable to take advantage of the up to six months of home confinement authorized by 18 U.S.C. § 3624(c)"). *See generally United States v. Beecroft,* 608 F.2d 753, 762 (9th Cir.1979) ("A judge has wide discretion in determining the sentence to be imposed and may consider relevant facts in a defendant's personal history and occupation."). To hold otherwise would transform a discretionary decision into a mandatory one.

Because the district court did not err in using the preponderance of the evidence standard to deny Gonzalez's request for special probation, the appeal is

**AFFIRMED.**