**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joe Willie HOOKS, Defendant—
Appellant.**

No. 08–10262.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed May 4, 2009.

Howard David Sukenic, Esquire, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David S. Eisenberg, Esquire, Phoenix, AZ, for Defendant–Appellant.

Before: D.W. NELSON and CLIFTON, Circuit Judges, and KING,* District Judge.

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM **

Joe Willie Hooks appeals his sentence-modification granted under 18 U.S.C. § 3582(c)(2). Hooks challenges the manner in which the district court modified his sentence, contending that it violated § 3582(c)(2)'s requirement to "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable." We have jurisdiction under 18 U.S.C. § 3742(a)(1), and we affirm.

*United States v. Lowe*, 136 F.3d 1231, 1233 (9th Cir.1998), does not bar review. Hooks is not challenging the district court's exercise of discretionary power to lower a sentence under § 3582(c). Rather, he is seeking remand by arguing that the court failed to comply fully with § 3582(c)(2)'s procedures. Thus, jurisdiction is proper under § 3742(a)(1). *See United States v. Gonzalez*, 365 F.3d 796, 798 & n. 1 (9th Cir.2004).

The district court complied with § 3582(c)(2). The court is not required to "mechanically ... list every consideration of § 3553(a)." *United States v. Aguilar–Ayala*, 120 F.3d 176, 179 (9th Cir.1997) (quotation marks omitted). The court had before it (1) an amended Presentence Report discussing factors such as Hooks's prison disciplinary record, health, and family situation; (2) exhibits and written argument from Hooks's appointed counsel regarding some § 3553(a) factors, including disparities in crack cocaine ratios; and (3) the benefit of first-hand knowledge from the extensive prior sentencing proceedings. Similar to what it did with the original sentence, the court chose the high-end of the revised Guideline range, thereby exercising discretion and reducing Hooks's sentence by fifty-two months. Given this record, we are "satisfied that the district court's decision rests on pertinent considerations." *Id.* As this court stated in *United States v. Carty*, 520 F.3d 984 (9th Cir.2008) (en banc),

> adequate explanation in some cases may ... be inferred from the PSR or the record as a whole.
>
> ...
>
> The district court need not tick off each of the § 3553(a) factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines.

*Id.* at 992.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.