UNITED STATES of America,
Plaintiff-Appellee,

v.

Luther Ben LONG,
Defendant-Appellant.

No. 84-2708.

United States Court of Appeals,
Tenth Circuit.

April 1, 1986.

Richard Winterbottom, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant.

John S. Morgan, Asst. U.S. Atty. (Layn R. Phillips, U.S. Atty., and Ben F. Baker, Asst. U.S. Atty., on brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge, and SAFFELS,* District Judge.

SEYMOUR, Circuit Judge.

Luther Ben Long appeals the denial of his motion under 28 U.S.C. § 2255 (1982) challenging his sentence. Long was convicted of nine counts of possessing stolen mail in violation of 18 U.S.C. § 1708 (1982). *See United States v. Long*, 705 F.2d 1259 (10th Cir.1983). The gravamen of Long's section 2255 motion is that he was improperly charged, convicted, and sentenced on multiple counts when the acts underlying the convictions constituted a single crime.[1] The district court denied the motion without a hearing or response from the Government, ruling that Long's contention should have been raised in his direct appeal.

As an initial matter, we disagree with the district court's determination that the issue of impermissible multiple counts cannot be raised for the first time in a motion under section 2255. That provision

---

* Honorable Dale E. Saffels, United States District Judge, District of Kansas, sitting by designation.

1. Long was sentenced to four years on counts I through III, to be served concurrently, and to four years on counts IV through IX, to be served concurrently, with one set of four-year terms to be served consecutively to the other set, for a total of eight years.

specifically allows a motion asserting that "the sentence was in excess of the maximum authorized by law...." 28 U.S.C. § 2255. This circuit and others have allowed such a collateral challenge to the unit of prosecution. *See, e.g., United States v. LeMon,* 622 F.2d 1022 (10th Cir. 1980) (issue not raised in direct appeal; *see United States v. LeMon,* No. 76–1316 (10th Cir. filed Nov. 4, 1976)); *Williams v. United States,* 385 F.2d 46 (5th Cir.1967) (issue raised via section 2255 following guilty plea); *see also* 3 C. Wright, Federal Practice and Procedure § 594, at 455 (1982).

■ We now turn to Long's argument that his conviction and sentences for multiple counts of possession were invalid. "[W]hen the intent of Congress as to the unit of prosecution cannot be clearly discerned, doubt must be resolved in favor of lenity." *United States v. Valentine,* 706 F.2d 282, 293 (10th Cir.1983). *See generally Liparota v. United States,* —— U.S. ——, 105 S.Ct. 2084, 2089, 85 L.Ed.2d 434 (1985). Ambiguity in the definition of conduct to be punished by a criminal statute must be settled against turning a single transaction into multiple offenses. *See Valentine,* 706 F.2d at 293 (quoting *Bell v. United States,* 349 U.S. 81, 83–84, 75 S.Ct. 620, 622–23, 99 L.Ed. 905 (1955)).

■ Long was convicted on multiple counts of violating section 1708, which states in pertinent part:

"Whoever buys, receives, or conceals, or unlawfully has in his possession, *any* letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both."

18 U.S.C. § 1708 (emphasis added). The use of the word "any" under these circumstances creates an ambiguity. *See Valentine,* 706 F.2d at 292–93; *United States v. Kinsley,* 518 F.2d 665, 667–68 (8th Cir. 1975) (reviewing cases). As we explained in *Valentine* with respect to the analogous use of the word "any" to modify "firearm" in 18 U.S.C.App. § 1202(a), "[w]hen a convicted felon simultaneously possesses two guns, for example, the definition of the offense in section 1202 as possession of *any* firearm permits both the conclusion that only one offense has been committed and the conclusion that two separate crimes have occurred." 706 F.2d at 293. That analysis is equally applicable to the use of the word "any" to modify "letter" in section 1708.

Accordingly, we conclude that in the absence of a showing of separate receipt or separate storage of the items, simultaneous possession of several pieces of stolen mail constitutes only one offense under section 1708. Our conclusion comports with a line of Fifth Circuit cases holding "that if defendant was charged with possession of various items of stolen mail which allegedly were in her possession as a result of one set of circumstances, then she can be convicted of only one offense." *Williams,* 385 F.2d at 47; *see also United States v. Edmonson,* 659 F.2d 549, 550–51 (5th Cir.1981); *United States v. Arce,* 633 F.2d 689, 696 (5th Cir.1980), *cert. denied,* 451 U.S. 972, 101 S.Ct. 2051, 68 L.Ed.2d 351 (1981).

We also agree with the Fifth Circuit that proof of separate receipt or separate storage of individual items of mail may establish separate offenses of possession. *Edmonson,* 659 F.2d at 550–51. This view accords with similar holdings in the Ninth and Fifth Circuits under the firearms statute we construed in *Valentine. See United States v. Wiga,* 662 F.2d 1325, 1336–37 (9th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982); *United States v. Bullock,* 615 F.2d 1082, 1086 (5th Cir.), *cert. denied,* 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980). We caution, however, that such multiple convictions are impermissible absent charges specifically setting out separate receipt or storage and findings on those critical facts. *See Valentine,* 706 F.2d at 294.

The record in this case is sparse because of the premature dismissal. It does not reveal the circumstances surrounding Long's possession of the letters. Accordingly, we reverse and remand for further proceedings to determine whether the record in Long's criminal case establishes the facts and findings necessary to support multiple convictions for possession. Any convictions determined to be impermissibly duplicative must be vacated and set aside. *See Valentine,* 706 F.2d at 294.

Reversed and remanded.