**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jessie BUCHANAN,
Defendant-Appellant.**

No. 86–2551.

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 1987.

Sheldon J. Sperling, Asst. U.S. Atty. (Roger Hilfiger, U.S. Atty., with him on the

brief), Muskogee, Okl., for plaintiff-appellee.

Susan M. Otto, Federal Public Defender (David E. Booth, Federal Public Defender, on the brief), Oklahoma City, Okl., for defendant-appellant.

Before HOLLOWAY, Chief Judge, BARRETT, Circuit Judge, and CONWAY,* District Judge.

BARRETT, Circuit Judge.

Jessie Buchanan was convicted in United States District Court on two counts for aiding and abetting in the manufacture and possession of an unregistered destructive device in violation of 26 U.S.C. §§ 5861(d) and (f) (1982). Buchanan was also convicted under a third count for violating 18 U.S.C. § 371 (1982) by conspiring to commit the two substantive offenses. *See United States v. Buchanan,* 787 F.2d 477 (10th Cir.1986). Buchanan does not attack his conviction. Rather, he appeals the denial of his motion for modification of his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. He maintains that an improper sentence was imposed on him when he was directed to serve two consecutive two year terms for aiding and abetting in both the manufacture and possession of a single destructive device.

Buchanan argues that possession is always incidental to the manufacture of a destructive device. Thus, the single act of manufacturing an explosive device necessarily leads to two violations of 26 U.S.C. § 5861 since both manufacture and possession are separately prohibited. He argues that since the two violations spring from one action, they should merge into a single offense and that it is illegal to pyramid sentences for the manufacture and possession of the same apparatus.

At least one circuit has held that consecutive sentences for manufacture and possession of the same device are illegal, *United States v. Edick,* 603 F.2d 772 (9th Cir.

1979), though other circuits have concluded that such consecutive sentences are only illegal if the total sentencing time adds up to over ten years, the maximum sentence allowed under 26 U.S.C. § 5861 (1982). *See United States v. Kaplan,* 588 F.2d 71 (4th Cir.1978), *modified sub nom., United States v. Seidel,* 620 F.2d 1006 (4th Cir. 1980); *Rollins v. United States,* 543 F.2d 574 (5th Cir.1976). Under the approach followed by the Ninth Circuit, Buchanan's two sentences, each for a term of two years, for aiding and abetting in the manufacture and possession of a destructive device would be illegal. Under the approach followed in both the Fourth and Fifth Circuits, there would be nothing illegal about the sentences since they do not add up to more than the ten year maximum provided under the Act. Thus, this appeal requires us to consider which of these alternative interpretations, if either, best reflects Congress's intentions under 26 U.S.C. § 5861.

**I.**

In *United States v. Clements,* 471 F.2d 1253, 1258 (9th Cir.1972), the court held that nothing in the history of 26 U.S.C. § 5861, the history of the prior provisions upon which the act was modeled, or the history of the subsequent recodifications of the law indicates that Congress intended to authorize multiple punishments for a single transaction that might violate more than one section of the statute. In *Clements* the court recognized that there was no constitutional impediment to prevent Congress from authorizing cumulative sentences for a single transaction. The court also noted, however, that it was obligated to construe the Act against the harsher penalties that would result from cumulative punishments since it was not clear on the face of the Act or from its legislative history that Congress intended the harsher penalties. *Id.* at 1254. *See Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961).

---

* Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

Other circuits have followed the *Clements* rationale, but with a significant difference. In *United States v. Kaplan,* 588 F.2d at 74–75 and n. 3, the Fourth Circuit held that the imposition of consecutive maximum sentences after conviction for both making and possessing illegal firearms constitutes an unlawful pyramiding of punishments for a single transaction. However, the court in *Kaplan* cited *Clements* for the proposition that "one convicted of both possessing and manufacturing under the Act may not receive a total sentence exceeding a maximum sentence provided for one violation (i.e., ten years)." *Id.* at 75. (Footnote omitted.) In *Rollins v. United States,* 543 F.2d at 575, the Fifth Circuit likewise relied on *Clements* in holding that a defendant could not be sentenced to a thirteen year prison term for a single act that happened to violate two separate provisions of 26 U.S.C. § 5861 because it exceeded the maximum penalty of ten years established by the Act.

Yet, as Buchanan points out, the Ninth Circuit has recently made it clear that this result was not what the court intended in *Clements.* In *United States v. Edick,* 603 F.2d at 774, the court noted the approach followed in *Kaplan* and *Rollins* and observed that, while there might be language in *Clements* to support such reasoning, the imposition of consecutive sentences for different counts arising from a single transaction violating different provisions of 28 U.S.C. § 5861 is improper, "regardless of whether the aggregate of the sentences exceeds the statutory maximum." According to the court, in the absence of any indication that Congress intended to impose cumulative punishments for violations of the Act, consecutive sentences could not be imposed regardless of the language in 26 U.S.C. § 5871. For the reasons that follow, we find the Ninth Circuit's approach the more compelling of the two.

In *Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), the Supreme Court considered two separate firearms statutes and concluded that Congress did not intend to subject a person to two convictions, one for receiving a firearm and one for possessing it, for the same

criminal act. The Court reached this conclusion in part by studying the legislative history of the particular provisions and, in part, by applying the principles of statutory construction set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The appropriate inquiry under *Blockburger,* the Court noted, was "whether each provision requires proof of a fact which the other does not" since the assumption is that Congress ordinarily does not intend to punish the same offense under two different statutes. *Ball v. United States,* 470 U.S. at 861, 105 S.Ct. at 1671–72. The Court concluded that Congress did not intend to subject felons to two convictions for receiving and possessing a firearm since "proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." *Id.* at 862, 105 S.Ct. at 1672. (Emphasis in original.)

By applying the *Blockburger* and *Ball* approach to the case before us, we conclude that the manufacture of an explosive device necessarily includes possession of it. Indeed, numerous courts, following the lead of the Ninth Circuit in *Clements,* have recognized that possession is always incidental to manufacture and that the two offenses merge for the purposes of sentencing. *See United States v. Kiliyan* 504 F.2d 1153 (8th Cir.1974), *cert. denied,* 420 U.S. 949, 95 S.Ct. 1333, 43 L.Ed.2d 428 (1975). This leads us to the conclusion that Congress did not intend to subject defendants to separate sentences for both manufacturing and possessing a single device.

We recognize that the *Blockburger* test has generally been applied to reconcile duplicative provisions in two or more separate statutes while we are here dealing with duplicative provisions within the same statute. Yet we would reach the same conclusion without relying on *Blockburger.* In *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), the Supreme Court held that where the petitioner had transported two women on the same trip and in the same vehicle, his act constituted only one violation of the Mann Act, not two, because the language of the Act did

not provide for cumulative punishment for each woman transported. Writing for the majority, Mr. Justice Frankfurter explained that when it comes to defining which specific elements of an offense shall be punishable, Congress has no trouble making "each stick in a faggot a single criminal unit." *Id.* at 83, 75 S.Ct. at 622. Doubts regarding criminal sentencing, Frankfurter concluded, "will be resolved against turning a single transaction into multiple offenses." *Id.* Along the same lines, the Court in *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), held that a person may not be sentenced under 18 U.S.C. § 2113 of the Federal Bank Robbery Act for both robbery of a federally insured bank and entering the bank with intent to commit a felony. The Court reasoned that, absent indications of Congressional purpose to the contrary, when a robbery is consummated following entry with intent to commit robbery, the offenses merged and there is but one crime. *Id.* at 328, 77 S.Ct. at 406–07.

The same reasoning applies in the case before us. As the court in *Clements* explained, Congress could have written a statute authorizing "ten years' imprisonment for possession of an unlawfully made firearm, twenty years' imprisonment if possession were incident to unlawful making of the firearm, and thirty years imprisonment if the possessor-maker had failed both to register and to pay the tax." *Clements,* 471 F.2d at 1255. With no evidence of such purpose, there is no alternative but to presume that Congress did not intend to authorize consecutive sentences. The fact that 26 U.S.C. § 5871 allows for a maximum sentence of ten years for the violation of "any provision" does not indicate which sections within the provisions were intended to be separately punishable and does not alter the fact that since possession and manufacture merge into one offense for sentencing purposes, only one sentence may be imposed. The imposition of two sentences, regardless of length, is improper.

## II.

Buchanan also objects to the fact that he received consecutive sentences for both the aiding and abetting offenses and for the conspiracy offense. He argues that under Wharton's Rule a conspiracy sentence may not be added to a sentence on a substantive charge if the agreement of two people is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy that is not present in the completed crime. *See Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Buchanan urges that the aiding and abetting he was charged with took the form of a conspiracy and, hence, the allegations against him in the substantive offense of aiding and abetting were the same as the allegations that constituted the third offense of conspiracy. Buchanan concludes that the conspiracy sentence can, at most, only be concurrent with the aiding and abetting sentences.

It must be recalled, however, that Buchanan was convicted of both aiding and abetting and of conspiracy. As noted above, he does not challenge that conviction. When properly charged, the crime of aiding and abetting contains different elements than the crime of conspiracy. While the gist of a conspiracy offense is "agreement among the conspirators to commit the offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy....", *United States v. McMahon,* 562 F.2d 1192, 1196 (10th Cir. 1977), aiding and abetting requires that a defendant " 'associate himself with the venture, that he participate in it as something that he wishes to bring about, that he seeks by his action to make it succeed.' " *United States v. Harris,* 441 F.2d 1333, 1336 (10th Cir.1971) (citation omitted). To be sure, these two offenses contain common elements; however, they are not the same. While the agreement of two people is necessary for conspiracy, it is not necessary for aiding and abetting. Therefore, the charge of aiding and abetting is not duplicative of a charge of conspiracy and the two do not merge. *Pereira v. United States,* 347 U.S. 1, 11, 74 S.Ct. 358, 364, 98 L.Ed. 435 (1954); *See also United States v. Nims,* 524 F.2d 123 (5th Cir.1975), *cert.*

**150**

*denied,* 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976).

### III.

It is unclear from the record before us what portion of his total sentence appellant Buchanan has already served. In any event, for the purpose of correcting the improper consecutive sentences imposed upon Buchanan for Counts I and II, it will be necessary for the District Court, upon remand, to vacate the sentences imposed upon Buchanan under Counts I, II, and III and to resentence consistent with our holding in this opinion. In no event should the new sentence on any one count exceed the sentence originally imposed on that count. *See United States v. Edick,* 603 F.2d at 775–78.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.