878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Godwin Nonyelum CHINAGORAM, a/k/a Godwin Nonyelum
Chinagoram, a/k/a Chinagorom Nonyelum Godwin,
Defendant-Appellant.
 No. 88-5606.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1989.
Decided June 15, 1989.
Rehearing and Rehearing In Banc Denied Aug. 18, 1989.
 
 Charles Diederich Heidgerd (Debank, McDanielo, Heidgerd, Holbrook & Anderson on brief) for appellant.
 Shelley Alexann Longmuir (Margaret Person Currin, United States Attorney, United States Department of Justice on brief) for appellee.
 Before K.K. HALL and WILKINSON, Circuit Judges, and ROBERT G. DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In this case we must determine if substantial evidence supports defendant's conviction of four counts of mail fraud, 18 U.S.C. Sec. 1341, and four counts of receiving mail addressed to an assumed name, 18 U.S.C. Sec. 1342. We find substantial evidence supports defendant's conviction and affirm.
 
 I.
 
 2
 In October 1987, United States Customs agents discovered four suspicious packages in a routine check of foreign mail sent from the Netherlands. Although addressed to the same postal box, the parcels bore two different names for the address. Upon inspection, the four packages were discovered to contain what appeared to be counterfeit checks and false identification cards. The checks were believed to be counterfeit because they were postdated to December 1987 and January 1988, the numbers were askew, and the signatures were blurred.
 
 
 3
 Customs officials decided to make a controlled delivery of the packages. In a controlled delivery the suspect item is placed in the mail and agents observe who picks it up. In preparation the agents photocopied each of the checks and identification cards and photographed the packages. They then repackaged the parcels and placed them in the mail.
 
 
 4
 During this time, customs and postal officials learned that the post office box was registered to defendant Godwin Nonyelum Chinagoram, a Nigerian national. Agents also determined the type of vehicle defendant owned and its license tag number.
 
 
 5
 On November 9, 1987, seven agents began surveillance of defendant's post office box. Two agents stationed themselves in the post office behind the post office boxes, where the handlers put the mail into the boxes. These two agents could only observe hands reaching into the boxes; they could not see the faces of those who opened the boxes. Five other agents waited outside the post office in their vehicles.
 
 
 6
 On November 10, 1987, defendant entered the post office area where the boxes were located. Shortly thereafter an agent, stationed inside the post office, observed a black hand remove the four packages from defendant's box. As defendant left the post office an agent observed him with the parcels.
 
 
 7
 Defendant left the post office, apparently aware that he was being watched. Within the next two hours, he traveled to a Sav-a-Center grocery store, a 24-hour bank teller, an apartment complex, a shopping mall, another grocery store, and another shopping mall. At all times he was constantly observed by agents, with the brief exception of his first few moments in the Sav-a-Center store.
 
 
 8
 After leaving the second shopping mall, defendant proceeded to another apartment complex and entered one of the apartments. A short time later, defendant and another individual emerged from the apartment carrying two shopping bags, which they threw into a nearby dumpster. When defendant returned to his car a short time later, agents arrested him.
 
 
 9
 A search of defendant's car, the dumpster, and the apartment he visited did not yield the packages. On December 17, 1987, however, the manager of the Sav-a-Center store discovered the four packages hidden under a twenty-five pound bag of dog food.
 
 
 10
 Following a two day jury trial, defendant was convicted of four counts of mail fraud, in violation of 18 U.S.C. Sec. 1341, and four counts of receiving mail addressed to an assumed name, in violation of Sec. 1342. He was sentenced to concurrent terms of 30 months imprisonment on each of the eight counts and a special assessment of $400. Defendant appeals.
 
 II.
 
 11
 The elements of mail fraud under 18 U.S.C. Sec. 1341 are: 1) the existence of a scheme to defraud, and 2) causing the mails to be used in furtherance of that scheme. United States v. Spitler, 800 F.2d 1267, 1279 (4th Cir.1986); United States v. Murr, 681 F.2d 246, 248 (4th Cir.1982); Pereira v. United States, 347 U.S. 1, 8 (1954). The additional element of using a false name to further the fraudulent scheme is required for a conviction under 18 U.S.C. Sec. 1342. United States v. McCollum, 802 F.2d 344, 347-48 (9th Cir.1986). Defendant asserts that while sufficient circumstantial evidence exists of the scheme, there is not substantial evidence that he took or received any of the packages at any time and thus that he used the mails in furtherance of the scheme.
 
 
 12
 We disagree. James Moore, U.S. Customs Agent, saw defendant enter the post office and return within a minute's time with the same parcels that Agent Moore had seen photographed in the customs office earlier. Additionally, two agents saw defendant enter the postal parking lot and three agents saw him enter the post office. An agent inside the building observed defendant's post office box being opened and a black hand taking out the four envelopes shortly after defendant entered the post office. No other hand reached into the box.
 
 
 13
 When defendant left the post office, agents followed him to a Sav-a-Center store. While defendant managed to evade direct observation for a few moments upon entering the store, several weeks later the packages at issue, addressed to defendant's mail box, were found hidden under 25 pound dog food bags. The store manager testified that to get from the entrance of the store to where the packages were found and back to the front would take about a minute and a half--the amount of time defendant was in the store before he again came under direct observation.
 
 II.
 
 14
 Defendant further contends that convicting him of four counts of mail fraud and four counts of receiving mail addressed to an assumed name violates the double jeopardy clause of the Fifth Amendment. He contends that the four packages were received at the same time and that there was no evidence of more than one scheme.
 
 
 15
 We reject this contention. Each separate use of the mails in furtherance of a scheme or artifice to defraud constitutes a separate crime under Secs. 1341 and 1342, though there was but a single fraudulent scheme. Badders v. United States, 240 U.S. 391, 394 (1916) (each separate use of mails separate crime under earlier statute); United States v. Blankenship, 746 F.2d 233, 236 (5th Cir.1984) (each separate use of mails in furtherance of a scheme constitutes a separate offense under Sec. 1341); United States v. Joyce, 499 F.2d 9, 18 (7th Cir.1974) (same).
 
 
 16
 Defendant's reliance on United States v. Osunegbu, 822 F.2d 472 (5th Cir.1987), moreover, is misplaced. Although the court there held that the theft of two packages from a mail box constituted only one offense, that case involved a wholly different statute, 18 U.S.C. Sec. 1708. Because the intent of Congress was said to be unclear with respect to Sec. 1708, doubts were resolved in favor of lenity. United States v. Long, 787 F.2d 538, 539 (10th Cir.1986). Here, by contrast, the statute is unambiguous.
 
 III.
 
 17
 Finally, defendant argues that he received ineffective assistance of counsel at sentencing because his attorney failed to request, within the time allowed by law, 8 U.S.C. Sec. 1251, that the defendant not be deported as a result of his criminal conviction. We express no view on the merits of the claim which is properly raised initially under 28 U.S.C. Sec. 2255, not on direct appeal.
 
 The judgment of the district court is
 
 18
 AFFIRMED.