**UNITED STATES of America
Plaintiff–Appellee,**

v.

**Fred Bennett WELCH,
Defendant–Appellant.**

No. 89–5090.

United States Court of Appeals,
Tenth Circuit.

March 19, 1991.

Stephen J. Greubel, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant.

Susan W. Pennington, Asst. U.S. Atty., (Tony M. Graham, U.S. Atty., with her on the brief), Tulsa, Oklahoma, for plaintiff-appellee.

Before McKAY, McWILLIAMS and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Welch was convicted and sentenced on four counts of possession of stolen mail in violation of 18 U.S.C. § 1708. He was sentenced to four years imprisonment on count I, and to concurrent three-year terms on counts II, III and IV. The concurrent three-year terms were to run consecutive to the four-year term imposed on count I, for a total of seven years. On direct appeal, we modified the judgment to constitute only one conviction, affirmed the judgment as modified and remanded the case for resentencing.[1] *United States v. Welch,* No. 82–2368, unpub. order and judgment at 10 (Feb. 27, 1989).

When his direct appeal was decided, defendant was in state custody for a separate offense. *Id.* at 1 n. 2. When he was resentenced, he was still in state custody for a separate offense. *See* Sentencing Tr. at 31–33. Thus, defendant had not begun to serve his federal sentence.[2] After noting the defendant's record of several felony

---

1. In his first direct appeal, defendant sought reversal of his conviction or, in the alternative, resentencing for only one offense instead of four. *United States v. Welch,* No. 82–2368, unpub. order and judgment at 1 (Feb. 27, 1989). We relied upon *United States v. Long,* 787 F.2d 538 (10th Cir.1986), in which we held that "in the absence of a showing of separate receipt or separate storage of the items, simultaneous possession of several pieces of stolen mail constitutes only one offense under section 1708." *Id.* at 539. The government also conceded that defendant was improperly sentenced, thus the judgment was modified and the case remanded for resentencing on a single conviction. *Welch,* unpub. order and judgment at 10.

2. 18 U.S.C. § 3568 (now repealed, but applicable to offenses committed prior to November 1, 1987) provided:

   The sentence of imprisonment of any person convicted of an offense shall run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence....

   No sentence shall prescribe any other method of computing the term.

convictions, the district court resentenced defendant to five years imprisonment on the only count remaining. Defendant appeals, claiming that the district court violated the constitutional guarantee against double jeopardy when it imposed a sentence in excess of four years, the maximum imposed on a single count at defendant's initial sentencing. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

■ This case is controlled by our recent decision in *United States v. Jackson*, 903 F.2d 1313, 1315–1316 (10th Cir.), *reh'g en banc granted on other grounds*, 921 F.2d 985 (1990). In *Jackson*, we confronted a situation in which the defendant appealed and was resentenced under the Sentencing Guidelines, having been sentenced incorrectly under pre-Guidelines law. 903 F.2d at 1314. We assumed, *arguendo*, that the second sentence was more severe than the first and announced two important principles. *Id.* at 1315. First, the relevant double jeopardy analysis requires us to ask whether the defendant had a " 'legitimate expectation of finality in his original sentence.' " *Id.* (paraphrasing *United States v. DiFrancesco*, 449 U.S. 117, 137, 139, 101 S.Ct. 426, 437, 438, 66 L.Ed.2d 328 (1980)); *see also Jones v. Thomas*, 491 U.S. 376, 109 S.Ct. 2522, 2527–28, 105 L.Ed.2d 322 (majority opinion) & 109 S.Ct. at 2532–33 (Scalia, J., dissenting) (1989); *Pennsylvania v. Goldhammer*, 474 U.S. 28, 30, 106 S.Ct. 353, 354, 88 L.Ed.2d 183 (1985) (per cu-

riam); *United States v. Smith*, 929 F.2d 1453, 1457 (10th Cir.1991) (applying "legitimate expectation . . . finality" test); *United States v. Earley*, 816 F.2d 1428, 1433–34 (10th Cir.1987) (en banc) (recognizing "reasonable expectation of finality" test). Second, we held that "[a] defendant can acquire no legitimate expectation of finality in an illegal sentence, because such sentence remains subject to modification." *Jackson*, 903 F.2d at 1316 (relying upon *Jones*, 109 S.Ct. at 2532–33 (Scalia, J., dissenting)); *see also United States v. Smith*, 929 F.2d at 1460 (McKay, J., dissenting) (recognizing that a trial court may increase a sentence after final judgment when the original sentence "[w]as illegal" or "[w]as overturned by an appeals court"); *United States v. Jordan*, 895 F.2d 512, 516 (9th Cir.1989) (no legitimate expectation of finality in a sentence which is unlawful and challenged by defendant); *United States v. Kane*, 876 F.2d 734, 737 (9th Cir.) ("Generally, a defendant can acquire no expectation of finality in an illegal sentence, which remains subject to modification."), *cert. denied*, —— U.S. ——, 110 S.Ct. 173, 107 L.Ed.2d 130 (1989); *United States v. Pimienta–Redondo*, 874 F.2d 9, 16 (1st Cir.) (en banc) (when defendant has placed uncompleted sentence at issue on direct appeal, no legitimate expectation of finality exists), *cert. denied*, —— U.S. ——, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989). As stated by the Eleventh Circuit:

Though our resolution does not turn on this point, defendant argues that he began serving his sentence when he was taken into federal custody on July 12, 1982, pursuant to a writ of habeas corpus ad prosequendum. This argument is without merit, having been rejected many times by this circuit. In *Hernandez v. United States Attorney General*, 689 F.2d 915 (10th Cir.1982), we noted that a state does not relinquish jurisdiction when it delivers a prisoner for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum. *Id.* at 918–19. The state merely "lends" the prisoner who is not received into federal custody within the meaning of § 3568. *Id.; accord Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir.1957); *Lunsford v. Hudspeth*, 126 F.2d 653, 656–57 (10th Cir.1942); *Rohr v. Hudspeth*, 105 F.2d 747, 749 (10th Cir.1939); *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir.1938).

The concurring opinion takes issue with the panel's reliance on 18 U.S.C. § 3568 in rejecting petitioner's claim that he began serving his sentence when he was taken into federal custody on a writ of habeas ad prosequendum. We note that "this statutory test," *United States v. Davidson*, 597 F.2d 230, 233 (10th Cir.), *cert. denied*, 444 U.S. 861, 100 S.Ct. 127, 62 L.Ed.2d 83 (1979), has been followed consistently in determining finality of the sentence for double jeopardy claims. *United States v. Earley*, 816 F.2d 1428, 1432 (10th Cir.1987) (en banc). *See also United States v. Smith*, 929 F.2d 1453, 1457 (10th Cir.1991). It is a "bright-line" rule of finality which does avoid "*ad hoc* rulemaking for each peculiar fact situation." *See United States v. Villano*, 816 F.2d 1448, 1455 (McKay, J., concurring) (advocating rule of lenity to resolve sentencing disputes).

[A]ny expectation of finality in a sentence is wholly absent where ... the defendant requests that his prior sentence be nullified. The defendant has, by his own hand, defeated his expectation of finality and "the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice."

*United States v. Cochran*, 883 F.2d 1012, 1017 (11th Cir.1989) (quoting *United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978)). Given that sentencing is often a "package deal," we have noted that "the appealing defendant cannot claim an expectation that the sentence on any particular count is irrevocably final." *Earley*, 816 F.2d at 1433 n. 6.

These principles are fully applicable to the instant case. Defendant, who challenged his multiple-count sentence on direct appeal, had no legitimate expectation of finality in the original unlawful sentence. Accordingly, the resentencing did not violate the double jeopardy clause. We reject defendant's argument that the district court was constrained by the first sentence; under these circumstances, the district court could impose a greater or lesser sentence upon resentencing given defendant's lack of a reasonable expectation of finality in the first sentence.

Defendant contends that this case is controlled by *United States v. Buchanan*, 830 F.2d 146 (10th Cir.1987), in which the defendant was convicted of three offenses, but was improperly sentenced on two of the offenses which merged. *Id.* at 149–150. The case was remanded for resentencing on the merged counts as well as the other count. *Id.* at 150. The court concluded: "In no event should the new sentence on any one count exceed the sentence originally imposed on that count." *Id.* (citing *United States v. Edick*, 603 F.2d 772, 775–78 (9th Cir.1979)). Because *Buchanan* relied upon *Edick*, we must evaluate *Edick's* vitality given the recent trend of courts, including the Ninth Circuit, to focus on a defendant's reasonable expecta-

tion of finality when resolving double jeopardy claims related to increased sentences.

In *Edick*, the defendant was sentenced to unlawful consecutive sentences and had fully served his sentence on one of the counts. 603 F.2d at 775, 778. The Ninth Circuit reasoned that because the sentence had been served on one of the counts, resentencing upon the other count would violate double jeopardy. *Id.* at 778. The case also contains dicta that "[i]t is the amount originally *imposed* on each count, rather than the maximum that *could* have been imposed, which sets the double jeopardy 'ceiling' on resentencing." *Id.* at 776 n. 4 (emphasis in original).

Two of the cases relied upon in *Edick*, *Ex Parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873) and *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), were given a significantly more limited interpretation by the Supreme Court in *DiFrancesco*. 449 U.S. at 138–39, 101 S.Ct. at 438. The Ninth Circuit subsequently has determined that *Edick* must be read in light of *DiFrancesco*, see *United States v. Hagler*, 709 F.2d 578, 579 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983), and has acknowledged that *DiFrancesco* "disapproved some of the reasoning ... used in *Edick*," *United States v. Arellano–Rios*, 799 F.2d 520, 523 (9th Cir.1986). While *Edick* has not been overruled by the Ninth Circuit, it has been limited to circumstances in which the defendant has fully served his sentence on the rationale that a defendant's reasonable expectation of finality arises, and jeopardy attaches, when a defendant has fully served the sentence. *Arellano–Rios*, 799 F.2d at 524. We need not address the vitality of *Edick* as limited by the Ninth Circuit, for it is clear that the narrowed *Edick* has no applicability to the instant case where the defendant did not even begin, let alone fully serve, his federal sentence. In light of *Buchanan's* reliance upon *Edick* and this circuit's discussion of the legitimate expectation of finality test in *Jackson* and the en banc case of *Earley*, we decline to apply the result of *Buchanan*

to these facts.[3] *Buchanan* did not consider *DiFrancesco* or *Earley* and did not anticipate our decision in *Jackson.*

Courts do not decide what is not before them. Part II of the *concurring* opinion holds that the sentence in this case does not contravene *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct.2072, 23 L.Ed.2d 656 (1979), under a plain error analysis, and, in so doing, announces principles to govern these types of claims. Concurring Op. at 919–920. Petitioner never raised this argument below or on appeal,[4] probably because the facts provide no basis for it.[5] Regardless, the concurring opinion merely invites a petition for rehearing on this ground, which plainly is foreclosed (based upon waiver) and is not before us. In the words of Judge Lamm: " 'Reserve your fire,' said the Bunker Hill officer, 'till you see the white of their eyes;' that is, till you have a mark to shoot at in close range. May not judicial 'fire' profit by that advice?" *Nalley v. Home Ins. Co.,* 250 Mo. 452, 157 S.W. 769, 775 (1913) (Lamm, J., concurring).

AFFIRMED.

McKAY, Circuit Judge, concurring:

I agree with the result reached by the court in this case. However, I am unable to agree with all of the reasoning given by the court and therefore state my reasons for concurrence briefly and separately. A fuller exposition of my understanding of Double Jeopardy law is set forth in *United States v. Smith,* 929 F.2d 1453 (10th Cir. 1991) (McKay, J., dissenting). It is therefore unnecessary to repeat it in this context. Furthermore, I believe the result reached by the majority is clearly correct under any Double Jeopardy analysis.

### I.

As the court has indicated, Double Jeopardy analysis in the sentencing context requires us to determine whether the appellant in this case had a legitimate expectation of finality in his original sentence. *See United States v. DiFrancesco,* 449 U.S. 117, 137, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). It is now well settled that if a defendant successfully attacks a sentence or conviction, he has no expectation of finality in that particular sentence or conviction. The appellant in this case successfully challenged his sentence in a prior appeal.

In the first appeal, this court held that the original sentencing subjected the appellant to Double Jeopardy because the prosecution and the trial judge had segmented the appellant's conduct into four purported crimes when, for Double Jeopardy purposes, that conduct can produce a sentence only as a single crime. The total sentence originally imposed for the four crimes was seven years, while the statutory maximum sentence for a single crime encompassing the same conduct is five years.

Our prior order vacated all four of the original sentences and directed the trial court to resentence the appellant on a single count which encompassed all the conduct for which he had been convicted. Thus, the requirement of the Double Jeopardy clause—that the appellant have no

---

3. We are authorized to state that, in light of circuit precedent on this issue, the en banc court approves overruling *Buchanan's* requirement that "in no event should the new sentence on any one count exceed the sentence originally imposed on that count." 830 F.2d at 130.

4. Thus distinguishing this case from *United States v. Forester,* 874 F.2d 983 (5th Cir.1989) (per curiam) (cited by Concurring Op. at 919–920), where the defendant at least raised the *Pearce* vindictiveness argument on appeal.

5. *See United States v. Vontsteen,* 910 F.2d 187, 192 (a "presumption of vindictiveness against a trial judge is a serious charge, certainly not one

to be made without an extremely sound basis;" held, *Pearce* presumption does not apply when defendant's sentence in the aggregate is reduced, or defendant makes no showing of "actual or apparent vindictiveness by the trial judge"), *reh'g en banc granted,* 919 F.2d 957 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 801, 112 L.Ed.2d 862 (1991). *See also Kelly v. Neubert,* 898 F.2d 15, 17–18 (3rd Cir.1990); *Pimienta–Redondo,* 874 F.2d at 13, 16 (1st Cir.); *United States v. Gray,* 852 F.2d 136, 138–39 (4th Cir.1988); *United States v. Shue (Shue II),* 825 F.2d 1111, 1115–16 (7th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987); *Hagler,* 709 F.2d at 579 (9th Cir.).

legitimate expectation of finality in the sentence—was satisfied by the appellant's successful challenge to, and our subsequent vacation of, all his prior sentences.

On remand, the trial court resentenced the appellant to five years, the statutory maximum for a single count. This was permissible because nothing in our prior order invalidated the court's power to sentence for all of the conduct for which it had previously sentenced the defendant. We held only that the trial court was limited to treating that conduct as a single crime with its attendant maximum.

This is a case in which the majority's "package deal" analysis can be legitimately applied, because the trial court was specifically allowed to resentence the appellant for all the conduct of which he was convicted. The court merely "repackaged" that conduct as one crime instead of four. It is not necessary to consider in this case what limitations the Double Jeopardy clause may properly impose upon the application of the "package deal" metaphor to resentencing cases.

## II.

Under the circumstances of this case, however, I believe the appellant might have attacked his resentencing as a violation of Due Process under the principles set forth by the Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1979). While the appellant did not raise this issue, it bears discussion. *Pearce* holds that, under the Due Process clause, "vindictiveness" against a defendant may play no part in resentencing. 395 U.S. at 725, 89 S.Ct. at 2080. In order to show the absence of vindictiveness, *Pearce* requires that when a judge resentences a defendant to a harsher punishment, she must affirmatively state her reasons for doing do. *Id.* at 726, 89 S.Ct. at 2081.

When the trial court resentenced the appellant in this case to a longer sentence on one count than he had previously received on any single count, the court stated:

The original sentence was for a total of seven years and the reason for the seven years was because at the time the court was under the impression that there were four counts and that the Court needed to sentence on all four counts. I believe that the totality of the circumstances at the time deserved a seven years sentence and that is why the court entered a seven year sentence back in 1982. The Court is restricted and the Court respects the order of the Circuit Court and is limited to a five year sentence, which is the maximum that the Court can impose under count 1 and therefore imposes it.

Record, vol. 3, at 39–40.

While "vindictiveness" may encompass a retaliatory motive against a defendant, *see Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080, I believe it may also encompass a desire on the part of the trial judge to vindicate his original sentence. Thus, the trial court's comments in this case, at the very least, raise some Due Process questions.

I conclude that *Pearce* is not violated in this case, but that is only because this case differs from most cases over which there has been a dispute about the application of *Pearce*. In this case, we did not hold any of the grounds on which the original sentence was based to be invalid considerations in sentencing. Had we done so, I would not allow the use of the "package deal" approach to allow the trial court to impose longer sentences on the remaining grounds in order to vindicate his original sentence.

Additionally, because the appellant achieved almost 100 percent of his objectives in his original appeal (five years instead of seven, where he sought four years instead of seven), I do not believe that the appearance of vindictiveness, discussed in *Pearce*, arises. *Id.* In any event, despite my reservations, I clearly would not find the imposition of the longer sentence to be plain error. *United States v. Forester*, 874 F.2d 983 (5th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989).*

* In order to abbreviate this separate opinion, I

only note further that my views on the matter of

III.

While I would approach several of the authorities cited by the majority opinion differently, I only note one difference specifically, although I view it to be dicta in the majority opinion. I cite it because I believe that the provision has been widely and uniformly used in a context for which I do not believe it was intended. I think that it is important to record my disagreement with that general usage.

In its analysis of Double Jeopardy finality, the majority cites 18 U.S.C. § 3568. My own view is that this provision is irrelevant to Double Jeopardy analysis. I have set forth in *Smith* a fuller analysis of why that is true. Suffice it to say that the text makes clear the provision was enacted solely to define when a sentence begins to run for purposes of calculating when it is completed. I do not believe this provision addresses finality at all.

An overarching principle of this court's decisions in *United States v. Earley*, 816 F.2d 1428 (10th Cir.1987), and *United States v. Villano*, 816 F.2d 1448 (1987), is that an unambiguous oral sentence is sufficiently final that the court cannot alter its terms by a subsequent written order. *See Villano*, 816 F.2d at 1452–53 ("It is incumbent upon a sentencing judge to choose his words carefully so that the defendant is aware of his sentence when he leaves the courtroom."). In my view, a judgment is final from the time it is pronounced unless one of the established impediments—such as the existence of a legitimate ground on which the government can and does base an appeal, or the defendant's own successful appeal of a particular sentence or conviction—upsets the defendant's expectation of finality. This rule is simpler to apply than the majority view and is consistent with our *en banc* decisions in *Earley* and *Villano*.

the applicability of *Pearce* to resentencing after a prior sentence has been successfully challenged on appeal most closely parallel those of

Judge Rubin, dissenting in *United States v. Vontsteen*, 910 F.2d 187 (5th Cir.1990).