# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 97-3374

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Sid L. Martin, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: June 3, 1998

Filed: June 9, 1998

———————

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

———————

PER CURIAM.

In 1993, Martin was convicted of the unregistered manufacture and possession of destructive devices (Molotov cocktails), in violation of 26 U.S.C. §§ 5861(d), (f) and 5871. Martin's Guidelines sentencing range for each count was 135-168 months; the district court[1] sentenced Martin to a total of 151 months' imprisonment, composed of a 76-month sentence on the manufacture count and a consecutive 75-month sentence

———————

[1]The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

on the possession count.  Subsequently, Martin's 28 U.S.C. § 2255 motion was granted, because each offense carried a statutory maximum sentence of 10 years.  See 26 U.S.C. § 5871.  The district court[2] resentenced Martin to concurrent 120-month sentences of imprisonment on each count.

Martin argues that the district court improperly "restructured" his sentence by increasing the number of months on each count.  We conclude that Martin's argument lacks merit, as the resentencing court could not impose a lower sentence absent a valid basis for departure.  See U.S.S.G. § 5G1.1(a) (where statutory maximum sentence is less than minimum of Guidelines range, statutory maximum sentence shall be Guidelines sentence); 18 U.S.C. § 3553(b) (court shall impose sentence within Guidelines range unless court finds there exists aggravating or mitigating circumstances not addressed by Guidelines).  We note that the court properly imposed the 120-month sentences concurrently.  See U.S.S.G. § 5G1.2(c); see also United States v. Buchanan, 830 F.2d 146, 147-49 (10th Cir. 1987).

Martin also argues that his sentence violates the Constitution's Double Jeopardy Clause, but as he did not raise this argument before the district court, we decline to address it.  See United States v. Marsanico, 61 F.3d 666, 668 (8th Cir. 1995).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.