101 P.3d 426 (2004)
124 Wash.App. 352
STATE of Washington, Respondent,
v.
Terry W. MAESTAS, Appellant.
No. 52977-3-I.
Court of Appeals of Washington, Division 1.
November 22, 2004.
*427 Corey Endo, Wash.App. Project, Seattle, WA, for Appellant.
Brian McDonald, Dana Cashman, King Co. Pros. Att., Seattle, WA, for Respondent.

PUBLISHED IN PART
COX, C.J.
"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1] For purposes of this constitutional rule, the "statutory maximum" sentence "is the maximum sentence a judge may impose [under Washington's Sentencing Reform Act (SRA)] solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[2] Here, Terry Maestas argues that we should vacate his aggravated exceptional sentence and direct the trial court to resentence him within the standard range. The State properly concedes that the exceptional sentence violates the dictates of Blakely. But the State opposes limitation on remand of resentencing to the standard range. It contends that the trial court should be free to impose an exceptional sentence, provided it complies with the requirements of Blakely.
We hold in the published portion of this opinion that the double jeopardy clauses of the state and federal constitutions do not bar the imposition of an aggravated exceptional sentence on remand.[3] In the unpublished portion of this opinion, we address other issues that Maestas raises in this appeal. We vacate the sentence and remand for further proceedings.[4]
Maestas entered an Alford plea to one count of first degree robbery and one count of first degree burglary.[5] He indicated in the plea agreement that he did not stipulate to the facts contained in the certification for determination of probable cause for purposes of either guilt or sentencing. The State recommended standard range sentences of 57-75 months on the robbery charge and 41-54 months on the burglary charge.
During the sentencing hearing at which the victim and his sister testified, the trial court sua sponte imposed concurrent exceptional sentences of 120 months. The court based the sentences on two aggravating factors: the particular vulnerability of the victim, who was sleeping at the time of the crime, and injuries greater than typical for the type of crime. The victim's injuries included five skull fractures, multiple large lacerations *428 on his head that required staples to shut, and an injury to his back that forced him to stay with his sister for a month following his release from the hospital.
While this matter was pending on appeal, the United States Supreme Court decided Blakely. We ordered supplemental briefing by the parties to address the effect of that decision on this case. Thereafter, the State conceded error as to the aggravated exceptional sentence and agreed that this matter should be remanded for resentencing. The parties have differing views on what should happen on remand, and we address those issues in this opinion.

DOUBLE JEOPARDY
Maestas contends that the aggravating factors used to impose an exceptional sentence upward "operate as the functional equivalent of an element of a greater offense."[6] Thus, to impose such a sentence on remand would violate principles of double jeopardy. According to Maestas, the State should not be allowed to prove those aggravating factors a second time around. Maestas further argues that after a direct appeal, double jeopardy bars retrial on elements of which the defendant has been acquitted.
Double jeopardy prevents multiple prosecutions for the same offense and the concomitant embarrassment, expense and stress brought about by repeated attempts to gain a conviction.[7] Principles of double jeopardy generally do not apply to sentencing other than in the context of the death penalty.[8] "The pronouncement of sentence simply does not `have the qualities of constitutional finality that attend an acquittal.'"[9] "The imposition of a particular sentence usually is not regarded as an `acquittal' of any more severe sentence that could have been imposed."[10] The supreme court generally has concluded, therefore, that the double jeopardy clause imposes no absolute prohibition against the imposition of a harsher sentence at retrial after a defendant has succeeded in having his original conviction set aside.[11] Exceptions to this rule exist where the State seeks to increase a correct sentence,[12] where the defendant was effectively acquitted of the facts supporting the sentence,[13] and where the defendant has a legitimate expectation of finality in the sentence.[14]
In this case, Maestas does not seek to withdraw his guilty plea for first degree robbery and first degree burglary, but only challenges his sentence. Thus, the question is whether his double jeopardy claim falls within any of the three exceptions to the general rule that the constitutional protection does not generally apply to non-capital cases.
The State does not seek to increase a correct sentence in this case. All agree that the sentence must be vacated because the procedures used to impose it violate the Sixth Amendment under Blakely. Likewise, Maestas has no legitimate expectation of finality in the sentence that he appeals. Established case authority explains why:
Any expectation of finality in a sentence is wholly absent where ... the defendant requests that his prior sentence be nullified. The defendant has, by his own hand, defeated his expectation of finality and "the Double Jeopardy Clause, which guards against Government oppression, *429 does not relieve a defendant from the consequences of his voluntary choice." [[15]]
More recently, in United States v. Ameline,[16] the defendant entered a guilty plea to knowingly conspiring to distribute methamphetamine. Ameline appealed under Blakely because a jury did not find the quantity of drugs, which was used to determine his base offense and sentence enhancement. The Ninth Circuit held that Blakely applied to require a jury trial on the facts supporting Ameline's sentence beyond a reasonable doubt and remanded for resentencing. The court stated that double jeopardy concerns did not preclude resentencing because "[a] defendant has no legitimate expectation of finality in a sentence which he places in issue by direct appeal."[17] In addition, Maestas contends that his sentence was unconstitutionally attained, and therefore illegal. "A defendant can acquire no legitimate expectation of finality in an illegal sentence, because such sentence remains subject to modification."[18]
Thus, Maestas focuses his argument on the second of the three exceptions to the general rule that double jeopardy does not apply to non-capital sentencing. He argues that the aggravating sentencing factors act as elements of a greater substantive crime because they increase punishment to which he is exposed. He argues further that these aggravating sentencing factors constitute an element of a greater offense for purposes of the right to jury trial and constitute a new offense for purposes of double jeopardy. We are unpersuaded that these arguments support the view that double jeopardy is implicated here.
First, Maestas relies on language in Sattazahn v. Pennsylvania[19] for the proposition that there is no reason to distinguish between what constitutes an offense for double jeopardy purposes under the Fifth Amendment and what constitutes an offense for the right to trial by jury under the Sixth Amendment. But that reliance is misplaced because that portion of the opinion on which he relies only expresses the views of a plurality of the United States Supreme Court.
Second, even if we assume for purposes of argument that the aggravating factors here were part of a greater substantive crime, double jeopardy would still not be implicated. A similar argument was made and rejected in a recent case before the Idaho Supreme Court in State v. Lovelace.[20]
There, the trial court found that double jeopardy principles barring subsequent trial on a greater crime or after acquittal of a greater crime did not apply.[21] The court in Lovelace noted that in Sattazahn, a death penalty case, the supreme court stated that "[i]n the post-Ring world, the Double Jeopardy Clause can, and must, apply to some capital-sentencing proceedings [and that i]f a jury unanimously concludes that a State has failed to meet its burden of proving ... aggravating circumstances, double-jeopardy protections attach to that `acquittal' on the offense of `murder plus aggravating circumstance(s)' on remand."[22] But in the case of Lovelace, the sentencing judge had found one or more aggravating circumstances. Thus, there was no acquittal of a greater offense at all and jeopardy did not attach.
Here, as in Lovelace, the sentencing judge concluded there was sufficient evidence to find aggravating circumstances. Thus, Maestas cannot now claim that he was acquitted of any greater crime such that double jeopardy would be implicated.[23]
*430 Maestas also relies on United States v. Patterson[24] for the proposition that jeopardy attaches when the trial court accepts a guilty plea. In Patterson, the trial court accepted the defendant's guilty plea to manufacturing marijuana but left the determination of the number of marijuana plants for sentencing. The trial court later accepted the guilty plea but rejected the plea agreement. Patterson did not challenge his plea, but the trial court vacated it on the State's motion. On appeal, the court observed that where a defendant challenges his plea and it is set aside, the general rule is that double jeopardy is not implicated by a subsequent prosecution on the same charge.[25] But because Patterson had not challenged the plea, the trial court was not free to vacate it. Jeopardy attached when Patterson entered his guilty plea and did not appeal it.
That case is not helpful here. No one seeks to set aside the guilty plea. All that is at issue is the sentence. And for the reasons that we have already stated in this opinion, resentencing does not fall under any of the exceptions to the general rule that double jeopardy is not implicated in a non-capital case.
In sum, we conclude that double jeopardy is not implicated in the resentencing of Maestas on remand. Should the court choose to impose an aggravated exceptional sentence following procedures that comply with the dictates of Blakely, double jeopardy does not bar doing so.
We vacate the sentence and remand for further proceedings.
The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.
WE CONCUR: ELLINGTON, A.C.J., and AGID, J.
NOTES
[1] Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004) (citing Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).
[2] Blakely, ___ U.S. at ___, 124 S.Ct. at 2537.
[3] The U.S. Constitution's Fifth Amendment double jeopardy clause prevents the State from prosecuting a defendant a second time for the same crime after acquittal, conviction, or a reversal for insufficient evidence, North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and applies to the states through the Fourteenth Amendment's due process clause, Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Washington constitution provides that no person "shall be twice put in jeopardy for the same offense," Wash. Const. article 1, section 9, and "is interpreted in the same manner as the federal provision." State v. Hardesty, 129 Wash.2d 303, 310, 915 P.2d 1080 (1996).
[4] We grant the State's motion to concede error.
[5] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[6] Ring v. Arizona, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).
[7] Sattazahn v. Pennsylvania, 537 U.S. 101, 123 S.Ct. 732, 745-46, 154 L.Ed.2d 588 (2003); Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
[8] Monge v. California, 524 U.S. 721, 724, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998); see State v. Ring, 204 Ariz. 534, 65 P.3d 915 (2003).
[9] Monge, 524 U.S. at 729, 118 S.Ct. 2246.
[10] Bullington v. Missouri, 451 U.S. 430, 438, 101 S.Ct. 1852, 1857-58, 68 L.Ed.2d 270 (U.S.Mo.1981).
[11] Bullington, 451 U.S. at 438, 101 S.Ct. 1852.
[12] Hardesty, 129 Wash.2d at 310, 915 P.2d 1080.
[13] Sattazahn, 537 U.S. at 106, 123 S.Ct. 732; Arizona v. Rumsey, 467 U.S. 203, 211, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984).
[14] United States v. DiFrancesco, 449 U.S. 117, 137, 139, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).
[15] United States v. Welch, 928 F.2d 915, 917 (10th Cir.1991) (citing United States v. Cochran, 883 F.2d 1012, 1017 (11th Cir.1989); United States v. Scott, 437 U.S. 82, 99, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978)).
[16] 376 F.3d 967, 984 (9th Cir.2004).
[17] Ameline, 376 F.3d at 984.
[18] Welch, 928 F.2d at 916.
[19] 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588.
[20] 140 Idaho 73, 90 P.3d 298, cert. denied, ___ U.S. ___, 125 S.Ct. 323, ___ L.Ed.2d ___, 2004 WL 2075034 (2004).
[21] Lovelace, 140 Idaho 73, 90 P.3d 298.
[22] Lovelace, 90 P.3d at 301 (citing Sattazahn, 537 U.S. at 112, 123 S.Ct. 732).
[23] Lovelace, 90 P.3d at 301-02.
[24] 381 F.3d 859 (9th Cir.2004).
[25] Patterson, 381 F.3d at 864.