UNITED STATES of America,
Plaintiff–Appellee,

v.

Riley Mitchell JONES,
Defendant–Appellant.

No. 86–2131.

United States Court of Appeals,
Tenth Circuit.

March 9, 1988.

Ronald H. Mook, Tulsa, Okl., for defendant-appellant.

John S. Morgan, Asst. U.S. Atty. (Layn R. Phillips, U.S. Atty., N.D. Okl., with him on the brief), Tulsa, Okl., for plaintiff-appellee.

Before McKAY and McWILLIAMS, Circuit Judges, and BROWN, District Judge [*].

McKAY, Circuit Judge.

Defendant, Riley Mitchell Jones, was convicted on four counts of unlawful receipt of firearms by a convicted felon, 18 U.S.C. §§ 922(h)(1), 924(a) (1982), and on one count of unlawful possession of firearms by a convicted felon, 18 U.S.C. App. § 1202(a)(1) (1982). These convictions are before this court for the second time on appeal. On the first appeal, this court, on its own motion, noted the possible invalidity of the multiple convictions, sentences, and special monetary assessments imposed upon the defendant. *United States v. Jones,* No. 85–1691, slip op. at 15–17 (10th Cir. May 8, 1986). The case was remanded for further proceedings on those issues. The district court subsequently vacated the Judgment and Sentence on three of the counts for unlawful receipt of firearms, leaving one remaining count for receipt of firearms and one count for possession. Defendant now asserts that the separate receipt and possession convictions still represent duplicative convictions, sentences, and monetary assessments, and that the district

---

[*] Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

court erred when modifying the Judgment and Sentence.

 The issue presented is whether the district court used the correct unit of prosecution under the circumstances of this case by allowing both a receipt conviction under section 922(h)(1) and a possession conviction under section 1202(a)(1) to remain after the court's modification.

### I.

"[W]hen the intent of Congress as to the unit of prosecution cannot be clearly discerned, doubt must be resolved in favor of lenity." *United States v. Valentine*, 706 F.2d 282, 293 (10th Cir.1983) (summarizing rule of lenity enunciated in *Bell v. United States*, 349 U.S. 81, 83–84, 75 S.Ct. 620, 622–23, 99 L.Ed. 905 (1955)). Consequently, ambiguity in the definition of conduct to be punished must be settled against turning a single transaction into multiple offenses. *Bell*, 349 U.S. at 83–84, 75 S.Ct. at 622–23; *United States v. Long*, 787 F.2d 538, 539 (10th Cir.1986); *Valentine*, 706 F.2d at 293.

Applying *Bell*'s rule of lenity, the courts considering the issue have uniformly resolved doubts regarding multiple offenses under section 922(h) or section 1202(a) in favor of a single offense. *See, e.g., Valentine*, 706 F.2d at 293 n. 10; *United States v. Frankenberry*, 696 F.2d 239, 244 (3d Cir.), *cert. denied*, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1392 (1982). Specifically, courts considering section 922(h) have determined that absent a showing of separate receipt or separate storage, simultaneous receipt of multiple firearms constitutes one unit of prosecution and thus only one offense under section 922(h). Likewise, courts considering section 1202(a) have determined that simultaneous possession constitutes only one unit of prosecution and one offense. *See Valentine*, 706 F.2d at 293–94; *Frankenberry*, 696 F.2d at 244–45; *see also Long*, 787 F.2d at 539.

Doubt about conduct punishable under both section 922(h) and section 1202(a) has also been resolved in favor of one unit of prosecution. In *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), the defendant was convicted and punished under both section 922(h) and section 1202(a) for receipt and possession of a firearm. The United States Supreme Court determined that when a single act is relied upon to establish receipt and possession of a firearm, the defendant cannot be convicted and punished under both section 922(h) and section 1202(a), even though the government is free to seek a multiple-count indictment. *Id.* at 865, 105 S.Ct. at 1673–74. The Court stated:

> To say that a convicted felon may be prosecuted simultaneously for violation of §§ 922(h) and 1202(a) ... is not to say that he may be convicted and punished for two offenses. Congress can be read as allowing charges under two different statutes with conviction and sentence confined to one. Indeed, "[a]ll guides to legislative intent," *United States v. Woodward*, 469 U.S. 105, 109 [105 S.Ct. 611, 613, 83 L.Ed.2d 518] (1985), show that Congress intended a felon ... to be convicted and punished for only one of the two offenses if the possession of the firearm is incidental to receiving it.

*Id.* at 861, 105 S.Ct. at 1671.

We must now consider whether the rationale underlying *Ball* applies to multiple firearms under the circumstances of this case and, further, whether the legal standards set forth above permit the dividing of a collection of firearms to form separate receipt and possession convictions under sections 922(h) and 1202(a).

### II.

In August 1984, law enforcement officials seized nine firearms at defendant's residence while executing a search warrant. The firearms were all found in defendant's bedroom. *Jones*, No. 85–1691, slip op. at 4. Four of the firearms had been reported as stolen. Although the exact dates defendant received these firearms could not be established, the government could conclude that defendant received the firearms sometime between the date each was reported as stolen and the date of the search. Each firearm identified as having

this "window of receipt" originally formed the basis for a separate charge and conviction under Counts I through IV. The five remaining firearms collectively formed the basis for the charge of possession under Count V.

The government agrees that the four counts for unlawful receipt were properly merged into one count on remand since the government could not establish separate dates of receipt for any of the stolen firearms. *See Valentine,* 706 F.2d at 293–94 (separate receipt or separate storage must be shown to constitute more than one offense); *Frankenberry,* 696 F.2d at 244–45. Consequently, the firearms have now been identified to either a simultaneous receipt offense or a simultaneous possession offense; and the district court's modification of the Judgment and Sentence appears to comply with the standards set forth by this court in *Valentine,* 706 F.2d at 292–94, and *Long,* 787 F.2d at 539. The modified Judgment and Sentence also appears to comply with the holding in *Ball,* 470 U.S. at 865, 105 S.Ct. at 1673–74, since the firearms comprising the simultaneous receipt offense under combined Count I are not the same firearms comprising the possession offense under Count V. The government contends, therefore, that the district court was correct in permitting both a receipt and a possession conviction to stand.

Defendant, on the other hand, argues that since all nine firearms were found at the same time in the same place and since receipt could not be pinpointed for any of the firearms, the correct unit of prosecution for the entire collection of firearms allows for only one conviction. Under this reasoning, defendant's separate receipt and possession convictions must be further reduced to a single conviction and sentence.

### III.

Although only a single firearm was at issue in *Ball,* we believe that the rationale in *Ball* should be applied in the context of multiple firearms that are all discovered on the same date and seized from the same location. In this context, the government cannot simply divide the collec-

tion of firearms into separate receipt and possession offenses. Even though no single firearm would be the subject of both a receipt and a possession offense, when a single act is relied upon to establish the offenses, the multiple firearms must be viewed together and cannot support both convictions. This observes the reasoning in *Ball.* In light of the rule of lenity enunciated in *Bell,* 349 U.S. at 83–84, we are persuaded that Congress did not intend a felon to be convicted of and punished for both receiving and possessing multiple firearms under the circumstances of this case inasmuch as possession of the firearms is incidental to receiving them. *Cf. Ball,* 470 U.S. at 861–62, 105 S.Ct. at 1671–72. As the Supreme Court noted in *Ball,* "Congress had no intention of creating duplicative punishment for one limited class of persons falling within the overlap between [sections 922(h) and 1202(a)]—convicted felons who receive firearms and who, by definition, possess them. The independent, but overlapping statutes simply are not 'directed to separate evils' under the circumstances." *Id.* at 864, 105 S.Ct. at 1673 (quoting *Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144–45, 67 L.Ed.2d 275 (1981)).

Although defendant necessarily received the firearms that were reported as stolen because defendant possessed them on the date of the search, the government did not implicate defendant in the theft offenses and must rely on defendant's possession of the firearms to establish not only the possession offense but also the receipt offense.

The government contends that both the receipt and the possession convictions in this case should be permitted since the same conduct is not being relied upon to establish both offenses. The government bases its contention on a stipulation signed by the defendant and his attorney and admitted into evidence. The stipulation reads in part:

> That the firearms referred to in all or each of the counts of the Indictment herein have been received, possessed, shipped and/or transported in interstate

or foreign commerce, between the dates, or on the dates, alleged in each Count of the Indictment....

Brief of Appellee, at 6.

Contrary to the government's position, we do not believe that defendant's stipulation establishes or provides proof of a receipt offense for any of the firearms sufficient to support the two convictions in this case. At most, defendant only stipulated or agreed that firearms were received between certain dates: the initial "stolen date" and the date of the search. The government must still rely on defendant's possession of firearms on the date of the search to establish both the receipt and the possession offenses.

 Reading the stipulation as a whole and viewing its plain import, we are also convinced that by signing the stipulation, defendant did not in any way agree or admit to receipt in and of itself.[**] The government is attempting to read an agreement or admission into defendant's stipulation that is simply not there. Furthermore, even if the stipulation were somehow read as an agreement by defendant that he received firearms and that this stipulation is somehow independent of the establishment of the relevant dates, we still do not believe that this is sufficient to convict defendant under both section 922(h) and section 1202(a). In other words, a mere showing that some receipt occurred, without more, or that receipt occurred separately from possession cannot support both convictions. To punish defendant for unlawful receipt and unlawful possession in this case, in view of the fact that possession of the firearms was incidental to receipt, the government must be able to establish dates or specific acts or transactions of receipt.

This court noted on first appeal that the only evidence proffered by the government to establish the receipt and possession offenses consisted of the stipulation and the testimony that the firearms were found in defendant's bedroom on the day of the search. *Jones*, No. 85–1691, slip op. at 16 n. 4. As indicated above, this evidence is entirely insufficient to sustain the two convictions and sentences in this case. The government is attempting to punish defendant for more than one offense for the same conduct.

We conclude that the correct unit of prosecution in this case provides for only one conviction and sentence. Consequently, the district court erred in its modification of the Judgment and Sentence by permitting both a receipt and a possession conviction to stand. One of defendant's convictions must be vacated.

REVERSED and remanded for proceedings consistent with this opinion.

---

[**] There is indication in the present record to the effect that the government and defendant entered into the stipulation in part to preclude the necessity of introducing evidence of four burglaries to establish that the firearms subject to the receipt offense had been stolen and that the burglaries occurred on certain dates. Record, vol. 1, doc. 31, at 1. This purpose further supports our opinion that the stipulation does not add anything to the government's case other than the establishment of certain dates, such as the dates between which receipt would have occurred.