**UNITED STATES of America, Plaintiff,**

v.

**Kenneth Dean STURM, Defendant.**

**Criminal Case No. 06–cr–00342–LTB.**

United States District Court, D. Colorado.

Jan. 28, 2008.

Michele R. Korver, Robert M. Brown, Roxane J. Perruso, U.S. Attorney's Office–Denver, Denver, CO, for Plaintiff.

Robert William Pepin, Office of the Federal Public Defender, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on a Motion to Dismiss, filed by Defendant, Kenneth

Dean Sturm, on December 12, 2006, in which Mr. Sturm seeks dismissal of both counts of the Second Superceding Indictment. **[Doc # 114]** The Government responded on December 26, 2007, and Mr. Sturm filed his reply on January 17, 2008. In addition to the parties' briefs, I have the benefit of oral arguments presented at a hearing on January 22, 2008. After due consideration, I DENY Mr. Sturm's motion to dismiss Counts I and II on the basis that they fail, as a matter of law, to state a claim. However, I agree that the charging of both counts violates the rule against simultaneous prosecution, and, as a result, I ORDER the Government to elect the count it intends to prosecute at trial.

## I. Background

On October 23, 2007, the Government filed a Second Superceding Indictment in which the Grand Jury charged Mr. Sturm with two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Count I charges him with possession of a hard drive that contained three digital images of child pornography (specifically, images entitled "index_31.bmp," "2sdf.bmp," and "index–23.bmp"), such images being produced using materials, including the hard drive, that were transported in interstate commerce. Count II charges him with possession of material that contained three images of child pornography (specifically, a hard drive which contained digital images entitled "26.bmp," "8.bmprwet.bmp," and "1.bmpwrt.bmp"), that had been mailed, shipped and transported in interstate commerce by any means, including by computer.

The statute provides that any person who "knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer" violates 18 U.S.C. § 2252A(a)(5)(B).

## II. Failure to State a Claim—Count I

Mr. Sturm seeks dismissal of Count I for failure to state a claim, on the basis that it charges that his computer hard drive "produced" the charged images of child pornography. Count I charges that "said images being produced using material, including the Maxtor hard drive ... and other computer hardware ..." in violation of the second clause of 18 U.S.C. § 2252A(a)(5)(B). He maintains that capturing or storing the images does not equate to "producing" the images. Rather, Mr. Sturm asserts that the term "produces" in 18 U.S.C. § 2252A(a)(5)(B) means, in essence, to "create originally." In support of his argument, Mr. Sturm compares statutes that define producing with statutes that criminalize the reproducing or receiving of child pornography. *See e.g.* 18 U.S.C. § 2256(3)(defining "producing" to mean "producing, directing, manufacturing, issuing, publishing, or advertising"); § 2256(5)(defining "visual depiction" to include "data stored on computer disk or by electronic means which is capable of conversion into a visual image"); § 2252A(a)(3)(A)(making it criminal to knowingly "reproduce any child pornography for distribution ... by any means, including by computer").

The Government asserts that the issue presented is whether a hard drive used to download or save an image of child pornography "produces" the image. It argues that "produced" in 18 U.S.C. § 2252A(a)(5)(B) means the recasting by the hard drive and the operating system of the digital bits and bytes of information into a viewable image. The Government

cites to *U.S. v. Wilson*, 182 F.3d 737, 740 – 741 (10th Cir.1999), in which the Tenth Circuit interpreted a statute criminalizing possession of visual depictions of minors engaging in sexually explicit conduct "which was produced using materials" that traveled in interstate commerce. 18 U.S.C. § 2252(a)(4)(B)(1996). The court interpreted "materials used to produce a visual depiction" to encompass "not only tangible matters that go into a visual depiction (i.e., that become an 'ingredient' of the visual depiction), but also tangible matters that are used to give being, form or shape to, but that do not necessarily become a part or 'ingredient' of, the visual depiction." *Id.* The court relied upon a dictionary definition of "produce" as "to give being, form, or shape to," "to bring forth a product or production: bear, make, or yield that which is according to nature or intention: grow, make, or furnish economically valuable products." *Id.* at 741, FN1 *(citing Webster's Third Int'l Dictionary* 1810 (1993)). The *Wilson* court went on to review the defendant's conviction in that case which was based on computer graphic files stored on diskettes that were in his possession. The court determined that although the expert "testimony firmly established that computer graphics files can be stored or contained on computer diskettes, their testimony did not support the conclusion that computer diskettes are used to actually produce graphics files." *Id.* at 743. *See also U.S. v. Anderson*, 280 F.3d 1121, 1125 (7th Cir.2002)("[c]omputerized images are produced when computer equipment is used to copy or download the images")(*citing U.S. v. Angle*, 234 F.3d 326, 341 (7th Cir.2000)); *U.S. v. Lacy*, 119 F.3d 742, 750 (9th Cir.1997).

■ In this case, however, the Government avers that it intends to present expert testimony that the hard drive and operating system in Mr. Sturm's possession, and transported in interstate commerce, "produced" the images in that it was "used to give being, form or shape to, but that do not necessarily become a part or 'ingredient' of, the visual depiction" as set forth in *U.S. v. Wilson, supra.* I am not persuaded by Mr. Sturm's argument that the discussion in *U.S. v. Wilson* is merely a "judicial grasping at definitional straws" and that the opinion does not embrace the broad definition of "produce" that is argued by the Government here. Mr. Sturm provides me no case authority for his contention that "creation" is the key to whether an image was "produced." As such, Count I does not fail as a matter of law, and I deny Mr. Sturm's request to dismiss it on that basis.

## III. *U.S. v. Schaefer*—Count II

Mr. Sturm seeks dismissal of Count II on the basis that the Government cannot offer sufficient evidence of the necessary jurisdictional nexus of interstate movement as required by the recent Tenth Circuit opinion in *U.S. v. Schaefer*, 501 F.3d 1197, 1201 (10th Cir.2007) (holding that the Government did not present sufficient evidence to support the jurisdictional nexus of movement between states by only showing that the defendant there used the Internet). Count II charges Mr. Sturm with possession of material, the same hard drive identified in Count I, that contained images of child pornography that had been transported in interstate commerce by any means, including by computer, in violation of the first clause of 18 U.S.C. § 2252A(a)(5)(B).

The Government responds that it believes that it can prove that Mr. Sturm exclusively used AOL as his internet service provider; that he used AOL for his multiple searches for child pornography on the world wide web; that AOL's computer servers are located in Virginia; and that any alleged images of child pornography on Mr. Sturm's hard drive must therefore

have been routed by AOL via its servers in Virginia to Colorado.

■ While *U.S v. Schaefer, supra,* held that use of the internet, by itself, is not sufficient to prove the interstate commerce requirement of 18 U.S.C. § 2252(a)(5)(B), I agree with the Government that its proffered proof may be sufficient to prove the jurisdictional element here. *See generally U.S. v. King,* 581 F.2d 800, 802 (10th Cir.1978)(stating that an indictment "may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence"). Therefore, I deny Mr. Sturm's request to dismiss Count II because it is not facially defective; rather, the issue presented here is a question of proof for trial.

## IV. Double Jeopardy Challenge—Counts I and II

### A. Multiplicitous Charges

Mr. Sturm argues that both Counts I and II of the Second Superceding Indictment allege a violation of 18 U.S.C. § 2252A(a)(5)(B) and, although different specific images seem to be alleged, all the images were found on the same hard drive at the same time and in the same place. As such, he argues that the charging of both counts is multiplicitous. *See U.S. v. Richardson,* 86 F.3d 1537, 1551 (10th Cir.1996)(ruling the doctrine of multiplicity assures that a court does not exceed its legislative authorization by imposing multiple punishments for the same offense); *see also U.S. v. Pearson,* 203 F.3d 1243, 1267–68 (10th Cir.2000)(a "person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions").

Mr. Sturm states that the Government is improperly attempting to allege illegal behavior as set out by two parts of paragraph (B), as separated by the conjunction "or." Specifically, 18 U.S.C. § 2252A(a)(5)(B) provides, in pertinent part, criminal punishment for "(1) knowingly possession of an image of child pornography that has been transported in interstate commerce by any means, including by computer, **OR** (2) that was produced using materials that have been transported in interstate commerce by any means, including by computer" (emphasis added).

■ In response, the Government asserts that the counts are not multiplicitous because each count requires proof of fact that the other does not. Specifically, the Government argues that in Count I it will have to prove that Mr. Sturm possessed the hard drive, knew it contained images of child pornography, *and that the images were "produced" by the hard drive, and associated hardware, as opposed to simply serving as a receptacle or storage medium.* Count II requires the Government to prove that Mr. Sturm knowingly possessed a Maxtor brand hard drive, that the hard drive contained images of child pornography, *and that the images—as opposed to the materials that "produced" the images—had crossed state lines by any means, including via computer.* Therefore, on the interstate element, Count I requires proof that the a hard drive "produces" a digital file (rather than merely stores it), while Count II requires proof that the images (rather than the hard drive) crossed state lines. I agree that because each crime alleged here requires proof of a fact that the other does not, Count I and Count II are not multiplicitous. *See U.S. v. Pearson, supra.*

### B. Simultaneous Prosecution/Rule of Lenity

Mr. Sturm also argues that both Counts I and II represent a single "unit of prose-

cution" because the variously alleged images were simultaneously possessed on the single hard drive. Thus he argues that one count must be dismissed under the concept of simultaneous prosecution pursuant to the rule of lenity. *See U.S. v. Valentine*, 706 F.2d 282, 293 (10th Cir. 1983)("[w]hen the intent of Congress as to the unit of prosecution cannot be clearly discerned, doubt must be resolved in favor of lenity"); *see also U.S. v. Jones*, 841 F.2d 1022, 1023 (10th Cir.1988) (applying the rule to receipt and possession of ransom money convictions);

The Government argues that the Tenth Circuit has rejected a similar argument in a case involving the production of child pornography—specifically, sixteen counts of sexual exploitation of a child pursuant to 18 U.S.C. § 2251(a)—in *U.S. v. Esch*, 832 F.2d 531 (10th Cir.1987)(ruling that although multiple photographs may have been sequentially produced during a single photographing session, each image depended upon a separate and distinct use of the children and, as such, did not constitute a simultaneous criminal acts). I agree with Mr. Sturm that the holding in *U.S. v. Esch, supra*, is not on point here. The unit of prosecution there was each separate photograph, as a distinct and separate abuse of the children depicted therein.

■ In footnote 2 of its response, the Government acknowledges that this case is unusual in that the two counts arise from a single charging statute "with alternative jurisdictional elements," and that the alleged criminal conduct involved possession of the same material on the same date. It does not cite any authority or case law that addresses circumstances similar to those here. I am not convinced by its argument that, given Congress' stated intention to protect a child pornography victim's privacy interests—as articulated in *U.S. v. Esch, supra*, and *U.S. v. Norris*, 159 F.3d

926 (5th Cir.1998)—"it could easily be inferred that the unit of prosecution for possession of each child pornography [as opposed to sexual exploitation of children in *U.S. v. Esch*] should be each image of child pornography, rather that the material on which the images are contained." Instead, the two counts charged on two alternative jurisdictional theories, based on the singular possession of the hard drive containing child pornography, are not contemplated by the cases cited by the Government. Due to the absence of clear Congressional intent as to the unit of prosecution, I agree with Mr. Sturm that the rule of lenity necessarily leads to the conclusion that the charging of both counts in his case results in simultaneous prosecution.

The Government maintains that a proper remedy would be a limiting jury instruction. *See U.S. v. Bolt*, 776 F.2d 1463, 1467 (10th Cir.1985)("[o]ne remedy for multiplicity is an election of counts by the prosecutor prior to trial ... [a]nother remedy may be the use of appropriate jury instructions"). In response, Mr. Sturm argues that the Government should be required to elect one of the charged counts, because a jury instruction explanation would be a less desirable and more prejudicial remedy.

■ The decision whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. *See U.S. v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997). The risk of a trial court not requiring pretrial election is that it "may falsely suggest to a jury that a defendant has committed not one but several crimes." *Id.* (citations omitted). Although Counts I and II are not multiplicitous, *per se*, the same rationale and concerns exist here. As a result, I order the Government elect to charge Mr. Sturm with either Count I

or Count II of the Second Superceding Indictment.

ACCORDINGLY, I DENY IN PART and GRANT IN PART Mr. Sturm's Motion to Dismiss [**Doc # 114**] as follows:

1) I DENY the motion to the extent it seeks dismissal of Counts I and II on the basis that they fail, as a matter of law, to state a claim;

2) I GRANT Mr. Sturm's motion seeking to require the Government to elect between Count I and Count II, because the charging of both counts violates the rule against simultaneous prosecution; and

3) As a result, I ORDER the Government to elect to dismiss one of the counts charged against Mr. Sturm in the Second Superceding Indictment **on or before February 6, 2008.**